Mr. Justice Clayton
delivered the opinion of the court.
This was .an action of assumpsit to recover' for services performed as an attorney, in recovering certain judgments. The *193 defence interposed by plea was the statute of limitations. The plaintiff replied, that the collection of the judgments had been restrained by injunction, and that this suit was brought within six years after its dissolution. Upon the trial, the court instructed the jury, that if the suit were brought within six years after the dissolution’ of the injunction, the law was for the plaintiff, and a verdict was rendered in his favor.
The law on this subject is very plain, though its application in this case is not very clear. The statute of limitations begins to run, whenever the cause of action accrues. In other words, the time limited is to be computed from the day upon which the plaintiff might have commenced an action for the recovery of his demand. Angell on Lim. 181.
In this case the declaration is very general in its terms. The demand is “for work and labor, in prosecuting, defending, and soliciting divers cases, suits,' and business, and for fees due the testator of the plaintiff from the defendant.” The proof was, that the decedent was employed, &c., by the defendant, as an attorney, in instituting the suits and obtaining the judgments described in the bill of particulars; that the judgments were obtained by him in May, 1838, and that five per cent, on the amount was the usual compensation. It does not appear in proof that the attorney collected the amount of the judgments, or attended to the suit in chancery. The services for which the suit was brought, were therefore the procuring of the judgments. It does not appear that the testator of the plaintiff had any thing farther to do with the cases, after the judgments were . obtained. It follows that’the statute commenced its operation in May, 1838, when the services were rendered, and this suit was not brought till October, 1845.
The defendant asked the court to "instruct the jury, “that unless there was an agreement between the parties, that Col-glazier should not be paid for his services in obtaining the judgments, until the injunction was dissolved, then the law is for the defendant.” This charge was refused, and the jury instructed, “ that if the suit were instituted in six years next after the dis *194 solution of the injunction and the collection of the judgments, the law is for the plaintiff.”
The instruction asked by the defendant should have been given. It was a correct exposition of the law, if there were no agreement, express or implied, that the compensation for obtaining the judgments was not to be demanded until the money was collected, or the injunction dissolved. Had Colglazier been retained to attend to the suit in chancery, the whole might have been regarded as one continuing transaction, tending to one end, the collection of the debts; and no part of the services deemed complete until that period, or until the insolvency of the party was ascertained, or the injunction made perpetual. But the connection of Colglazier with the suits, so far as the record shows, terminated with the judgments, and he might immediately thereafter have demanded his fees.
For the error in the instructions of the court, the judgment will be reversed, and a new trial granted.
Judgment reversed, and new trial awarded.