JOHNSON *v.* CRISLER.

(Division B. Jan. 20, 1930.)

[125 So. 724. No. 28329.]

**Cutrer & Smith** and **Roberson & Cook**, all of Clarksdale, for appellant.

Maynard, Fitz Gerald & Venable, of Clarksdale, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellant brought this action in the county court of Coahoma county against appellee to recover damages alleged to have been suffered because appellee, an attorney at law and abstractor of titles to land, employed by appellant to examine and certify to an abstract of title to a certain piece of land which appellant contemplated buying, and later bought, made a false certificate to such abstract of title. There was a trial in the county court resulting in appellee's favor; from that judgment, appellant appealed to the circuit court of Coahoma County, and there the judgment of the county court was affirmed. From the judgment of the circuit court, this appeal is prosecuted.

One of appellee's defenses was that the cause of action was barred by the three-year statute of limitations (section 3099 of the Code of 1906, section 2637 of Hemingway's Code of 1927).

The following is deemed a sufficient statement of the case to develop the question decided: About January 1, 1925, appellant entered into a written contract with L. T. Darden for the purchase from the latter of four lots in the city of Clarksdale for the price of five thousand dollars, provided the title was good and free from liens. Appellant employed appellee to examine and cer-

tify the title to the property, and especially the condition of the title as to the existence of any liens or incumbrances outstanding against it. Appellee made an examination, and on February 2, 1925, attached his certificate to the abstract of title, which showed no outstanding lien of any kind against the property. At the time the certificate was given, the mayor and commissioners of the city of Clarksdale had inaugurated, and there was in progress, a plan to pave the street on which the lots abutted.

In view of the conclusion we reach, it is immaterial whether or not the special assessment for the paving of the street in front of the lots had become a lien on the lots at the time the certificate to the abstract was made, because if it was not a lien or charge on the lots, the certificate to the abstract of title was true; on the other hand, if it was a lien, still the cause of action was barred by the statute of limitations of three years.

As stated, the certificate to the abstract was made on February 2, 1925. This action was not brought until June 15, 1928; therefore more than three years after the giving of the certificate. The three-year statute of limitations (section 3099, Code of 1906, section 2637, Hemingway's Code 1927) provided, among other things, that an action on any unwritten contract, express or implied, shall be begun within three years next after the cause of such action accrued, and not after. Appellee's employment to examine and certify to the abstract was under an oral, not a written, contract. If the contract was breached by appellee because of a false certificate to the abstract, it was therefore the breach of an oral contract, not a written contract.

The statute began to run when the cause of action accrued. When did it accrue is the question. Did it accrue when the false certificate to the abstract was given, or when appellant suffered the damages growing out of the false certificate to the abstract, which occurred within the three years of the bringing of the action in this case?

In the case of a breach of contract, the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred; this is the general rule. In an action against an abstractor of titles to land for damages caused by the furnishing of a false abstract, it is immaterial, so far as the running of the statute of limitations is concerned, whether the negligence out of which the cause of action arose, was the breach of a contract, or affirmative disregard of some positive duty; in either case the cause of action accrues when the abstract of title is certified to and delivered. The statute of limitations runs from that time, and not from the time the damage occurs, 1 R. C. L., p. 99, par. 11.

It follows from these views that the judgment should be affirmed.

Affirmed.