WILDER *v.* ST. JOSEPH HOSPITAL, et al.

No. 39743 October 10, 1955 82 So. 2d 651

*Morse & Morse,* Poplarville, for appellant.

*Snow & Covington, Wilbourn, Wilbourn & Lord, M. V. B. Miller,* Meridian, for appellees.

Lee, J.

On June 25, 1954, Mrs. Bessie Lee Wilder filed her suit in the Circuit Court of Lauderdale County against St. Joseph Hospital, a corporation, and Drs. E. E. Robinson and Gus A. Rush, Jr. The declaration charged that the doctors performed a hysterectomy on the plaintiff at the hospital about the middle of March, 1939; that the operation was performed in a negligent manner and that they failed to remove gauze, sponges and other substances, and in fact sewed up the incision, leaving such substances in her body; that thereafter she was in continuous and constant pain and the doctors failed to correct their mistake; and that she has "suffered with her back and stomach and has had swelling of the stomach and chest and nauseation and was unable to sleep at night from 1939 until the correctional operation" on October 29, 1949.

The answers of the defendants denied the allegation of the declaration and also pled the six-year statute of limitation in bar of the action. To this plea, the plaintiff replied that she was unable to discover the wrong, which was committed against her, until the correctional operation had been performed.

The court sustained the plea in bar and dismissed the cause. From the judgment entered, Mrs. Wilder appealed.

The six-year statute, Section 722, Code of 1942, is as follows: "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

In Johnson v. Pyles, 19 Miss. 189, where the attorney was employed to collect by suit certain demands, it was held that he was entitled to his fee as soon as he obtained judgments, as there was no special contract to the contrary, and that the statute of limitation began to run against his demand from the date of the judgments.

In Cook v. Rives, 21 Miss. 328, it was held that the failure of the attorney to notify his client that he had collected money for him did not prevent the running of the statute of limitation.

In Ward v. Dulaney, 23 Miss. 410, it was held that although a wife could have had her marriage dissolved because of her insanity at the time, yet if she was thereafter restored to sanity and did not, before her death, more than six years later, commence an action for the recovery of the property in question, her heirs were barred.

In Pevey, et al v. Jones, et al, 71 Miss. 647, 16 So. 252, it was held that a covenant of warranty by a vendor of land in fact owned by the government, was broken the instant it was made; and that suit by the vendee to recover the purchase money must be brought within six years from such breach. See also Hudson v. Kimbrough, 74 Miss. 341, 20 So. 885.

██ █ The appellant concedes that, under the majority rule, a cause of action for malpractice in leaving foreign substances in the body, accrues at the time of the operation. This is undoubtedly true. See 70 C. J. S., Physicians and Surgeons, Sec. 60, pp. 984-5, as follows: "When cause of action accrues generally. It is the general rule that a cause of action for malpractice accrues and the

statute begins to run at the time of the injury, or, as otherwise stated, on the date of the wrongful act or omission constituting the malpractice, and not from the time of the discovery thereof. * * * Under statutes providing that, if the cause of action is fraudulently concealed by the physician, the action may be commenced within the statutory time after discovery, fraudulent concealment means employment of artifice, planned to prevent inquiry or escape investigation, and mislead or hinder acquirement of information disclosing a right of action.''

California, contrary to the general rule supra, makes an exception, namely, that the statute of limitation does not begin to run until the patient discovers the injury. Huysman v. Kirsch, 57 Pac. 2d 908, where a rubber drainage tube was left in the body; and Ehlen v. Burrows, 124 Pac. 2d 82, where a dentist left pieces of broken roots of teeth. A similar view obtains in Louisiana. See Perrin v. Rodriguez, 153 So. 555.

Our statute, delaying the accrual of a personal action in case of concealed fraud, Section 742, Code of 1942, is as follows: ''If a person liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered.''

But in Johnson v. White, 21 Miss. 584, it was held that, in trover, the cause of action accrued by the conversion; that when goods are tortiously taken, the statute of limitation begins to run; and it is immaterial whether the owner knows of the conversion or not, if no fraud is practiced to prevent his knowledge.

In McCarlie v. Atkinson, 77 Miss. 594, 27 So. 641, the libelous letter was written on November 17, 1897, and was sent through the mails to another state. It was

charged that "the defendant by fraudulent concealment kept plaintiff wholly in ignorance of said libelous letter until nine months thereafter, and the said libel was discovered by plaintiff, after due diligence on his part, within one year next before the bringing of this suit." The court held that the sending of the letter by mail did not constitute a concealment of its contents or publication.

In Masonic Benefit Assn. v. First National Bank, 99 Miss. 610, 55 So. 408, the check forged against appellant's account was drawn November 11, 1902, was paid by appellee on November 20, 1902, and a statement to appellant, showing the payment, was made on January 1, 1903. The court held that the cause of action accrued January 1, 1903, and the statute of limitation began to run at that time, and that there was no fraud perpetrated or concealed on the part of the appellee.

In Johnson v. Crisler, 156 Miss. 266, 125 So. 724, the lawyer made his certificate to the abstract on February 2, 1925. The action was brought June 15, 1928 to recover damages because of a false certificate. It was held that "the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred; this is the general rule. * * * The statute of limitations (three years in this case) runs from that time and not from the time the damage occurs."

In New York Life Ins. Co. v. Gill, 182 Miss. 815, 182 So. 109, the insured died September 3, 1925, holding a $3,000.00 policy with double indemnity in case of accidental death. The Company, after considering the proof, on October 21, 1925, paid to the beneficiary $3,000.00, being the amount which it claimed to be due. Nearly eleven years later, on August 31, 1936, the beneficiary filed her suit, claiming that her husband had suffered an accident, which was the cause of death, and that she did not find out the facts until October 1935. The six-year statute of limitation was pled in bar. The Court

said: "The cause of action on the double indemnity clause of a policy then accrued to her either at the time of the death of the insured, or within a reasonable time thereafter. See 37 C. J., Section 311, p. 557; Cooley's Briefs on Insurance (2 Ed.), Vol. 7, p. 5915. We are not called on here to say what a reasonable time is, but certainly the six years, the period of limitation, in which she might have brought suit, was more than a reasonable time."

■■ ■ In view of the allegation of continuous pain, etc., from the date of the operation, it is obvious that the plaintiff, in the exercise of ordinary care, should have discovered her alleged condition within six years. ■■ ■ Besides, the declaration did not set up sufficient facts to show that the defendants fraudulently concealed a cause of action from her knowledge.

We must continue to follow the general rule and the decisions of our own Court.

Affirmed.

*Hall, Holmes, Ethridge* and *Gillespie, JJ.*, concur.