196 So.2d 91 (1967)
Bracey Lee SMITH and Mrs. Bracey Lee Smith, Plaintiffs-Appellants,
v.
McCOMB INFIRMARY ASSOCIATION, Defendant-Appellee.
No. 44298.
Supreme Court of Mississippi.
March 6, 1967.
*92 Mounger & Mounger, Tylertown, Crisler, Crisler & Bowling, Jackson, for appellants.
Joe N. Pigott, McComb, B.D. Statham, Magnolia, for appellee.
PATTERSON, Justice.
This is an appeal from the Circuit Court of Pike County wherein the defendant's plea of limitations was sustained, the court holding that plaintiffs' cause of action was barred by limitation.
Mrs. Smith, one of the plaintiffs, was confined to McComb Infirmary on April 4, 1958. While there her blood was typed as A-RH Positive and she was given a card to carry with her which designated the blood type as A-RH Positive.
On December 16, 1964, Mrs. Smith entered another hospital for the purpose of giving birth to a child. Upon request by this hospital as to her blood type, she gave the information that had been previously given by the defendant hospital as shown on the card which had been given to her and which identified her blood type as being A-RH Positive.
After the child was born, it became apparent that something was physically wrong with it, and upon retyping Mrs. Smith's blood it was discovered that her blood type was A-RH Negative rather than A-RH Positive. The child died shortly thereafter. Mrs. Smith alleges that after it was ascertained that her blood was in truth and in fact A-RH Negative, it was too late to change the baby's blood by transfusion and too late to take proper and necessary steps to save its life.
The plaintiffs charged that the death of the child on or about December 16, 1964, was caused by the negligence of the infirmary in mistyping Mrs. Smith's blood on April 4, 1958.
The appellants assign as error the action of the trial court in sustaining appellee's plea that the cause of action was barred by the statute of limitations.
Mississippi Code Annotated section 722 (1956) provides:
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
The trial court based its opinion on the theory that the declaration was one charging malpractice by the defendant infirmary and that the cause of action arose at the time of the mistyping of the blood on April 4, 1958, and that six years thereafter such cause of action was barred by the limitations expressed in the Code section aforesaid.
The general rule on malpractice is that a cause of action accrues and the statute begins to run on the date of the wrongful act or omission which constitutes *93 the malpractice and not from the time of the discovery thereof, and the decisions of this Court are in accord therewith. See Wilder v. St. Joseph Hospital, 225 Miss. 42, 82 So.2d 651 (1955).
The dispositive issue on the plea of limitations as presented by the pleadings is whether the declaration states a cause of action under the theory of malpractice or, as is contended by the plaintiffs, whether a cause of action is stated for the wrongful death (Miss. Code Ann. § 1453 (1956) Actions for injuries producing death) of the child resulting from the alleged negligence of the defendant in mistyping the mother's blood. If the later premise be correct, the limitations statute would begin to run from the time of the death of the child rather than the time of the actions which were alleged to be negligent and the proximate cause of the death.
The general rule as announced in 97 A.L.R.2d section 2, at 1153 (1964) is as follows:
Since the cause of action for wrongful death is entirely statutory, and since most of the statutes contain language fixing the period within which the action must be brought, the determination as to what event initiates such a period of limitation is primarily one of statutory construction. * * *
The great majority of the cases have taken the view that the date of death is controlling, even under those statutes which speak only of the accrual of the action.
Section 3 of the same annotation states as follows:
In the great majority of the cases which have considered the question, the courts have held or recognized that the action must be instituted within the statutory period from the date of death. * * *
In Pickens v. Illinois Central Railroad Co., 92 Miss. 210, 45 So. 868 (1908) and Foster v. Yazoo & M.V.R. Co., 72 Miss. 886, 18 So. 380 (1895), it is established that the statute begins to run under the wrongful death statute from the date of the death of the decedent.
We are of the opinion that the declaration was cast under the wrongful death statute as it positively alleges, "As a direct and proximate result of the negligence of the corporate defendant, said child was caused to lose its life and under the laws of the State of Mississippi a cause of action accrues to the plaintiffs * * *" and that the statute of limitations began to run from the date of the infant's death in December 1964 and not from the time of the alleged negligent act in 1958.
We are of the opinion that the trial court erred in sustaining the plea of limitation, and the judgment so adjudging is hereby reversed and the cause remanded.
Reversed and remanded.
GILLESPIE, P.J., and INZER, SMITH, and ROBERTSON, JJ., concur.