222 So.2d 838 (1969)
M.T. REED CONSTRUCTION COMPANY and John S. Winbigler
v.
JACKSON PLATING COMPANY.
No. 45331.
Supreme Court of Mississippi.
April 21, 1969.
Rehearing Denied June 9, 1969.
Cox, Dunn & Clark, Jackson, for appellants.
Watkins & Eager, Elizabeth Hulen, Jackson, for appellee.
BRADY, Justice.
Appellee instituted suit in the Circuit Court of the First Judicial District of Hinds County against appellants, M.T. Reed Construction Company and its employee, John S. Winbigler, for the recovery of damages sought on the ground of negligence on the part of appellants in the selection and in the installation of a material known as Tectum in the roof deck of appellee's building. From a verdict in the sum of $8,452 in favor of the appellee, the appellants prosecute this appeal.
The cardinal facts upon which this cause of action is predicated, stated as tersely as possible, are as follows. On September 15, 1960, a standard form of agreement between contractor and owner was entered into between appellants and appellee for the construction of the building for the plating operations of appellee. The building was completed and accepted in April 1961 by the appellee. There is an acrid dispute as to whether or not a substance known as Tectum used in the construction of the roof deck was selected because the appellee chose said Tectum after counseling and advising with the appellants and other persons who had utilized this material in the buildings which they had constructed or whether or not the selection and utilization of Tectum in the roof deck was made because of the recommendations of the architect, John S. Winbigler, co-appellant. The specifications *839 prepared by Mr. Winbigler clearly indicate the use of Tectum as an integral part of the roof deck. The proof is conclusive that in the late summer of 1966, because of the high humidity, acid fumes and other work conditions incident and necessary in the operations of appellee's business, the Tectum disintegrated and the interior portion of the roof began to sag and fall apart so that depressions in the roof occurred where water collected or pooled and leaked into the interior of the building.
The record is clear that for a period of almost six years, in spite of the humid conditions within the building and in spite of the elements, the roof as constructed rendered satisfactory service for which it was constructed and that the appellee had no reasonable grounds upon which to suspect or believe that the roof was defective until water began to leak into the interior of the building and the roof began to sag and disintegrate. It became apparent in the summer of 1966 that it was necessary for the appellee to install a new roof on his building, and by April 1967 said material had failed in certain areas, and when the declaration was filed on December 29, 1967, the roof decking had deteriorated to the point where the roofing needed replacement. The declaration filed on December 29, 1967, was filed well within six years subsequent to the time that the appellee discovered that the roof decking had failed. The declaration sounds in tort, predicated upon the negligence of appellant Winbigler in the performance of his contract with the appellee and in violation of his common law duty to perform the contract with care, skill, reasonable expediency and faithfulness.
A judgment based on the jury verdict of $8,452 in favor of the appellee was entered. From that judgment this appeal is taken.
The only assignment of error which we reach on this appeal is appellants' assertion that the action was barred by the running of the statute of limitation. Section 722 of the Mississippi Code of 1942 Annotated (1956) provides: "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after." All litigants agree that this section applies to the case at bar; but they disagree over the interpretation to be placed on the word "accrued." The appellants contend that the cause of action accrued and the statute of limitation began to run no later than the date of the completion and delivery of the building in April of 1961. It is pointed out by the appellants in their brief that the roof began to fail and sag as early as the late summer of 1966 which was well within the six year period beginning in April 1961. In contravention thereof the appellee argues that the cause of action did not accrue and the statute did not begin to run until the appellee had been injured and suffered damage as a result of appellants' negligence. Since no allegation of fraud was made in the present case, we agree that Mississippi Code 1942 Annotated section 742 (1956), which provides that in cases of fraudulent concealment the cause of action does not accrue until "such fraud shall be, or with reasonable diligence might have been, first known or discovered," has no application in the case at bar.
In support of the position that the cause of action did not accrue until actual injury with resultant damage occurred, the appellee's attorney in her excellent brief refers to certain cases from other jurisdictions which apply the "discovery" or the "know or ought to know" rule and also to particular Mississippi negligence cases which hold that only injury to person and property, and not merely negligence in endangering property, is actionable.
Insofar as the determination of the issues of negligence in this case is concerned, it is to be noted that we are not confronted with the issue in futuro of personal injury which has been sustained by management, employees or the public nor are we concerned with the issue of damage to property other than to the roof and its construction, *840 which lacking elements the legislature considered in the enactment of Mississippi Code 1942 Annotated section 720.5 (Supp. 1968) and which statute, though all embracing, does not have application here. In addition, we have also examined cases from other jurisdictions and our own decisions cited by the appellants which have refused to apply the "discovery" or "know or ought to know" rule.
In Wilder v. St. Joseph Hospital, 225 Miss. 42, 82 So.2d 651 (1955), a malpractice suit was brought based upon the failure of the surgeons to remove gauze, sponges and other materials from the patient's body before the incision was sutured. After studying the relevant decisions from Mississippi and other jurisdictions and the applicable Mississippi statutes the Court rejected the "know or ought to know" rule and adopted the majority rule that "a cause of action for malpractice accrues and the statute begins to run at the time of the injury, or, as otherwise stated, on the date of the wrongful act or omission constituting the malpractice, and not from the time of the discovery thereof. * * *" 225 Miss. at 45-46, 82 So.2d at 652. This rule was reaffirmed in Smith v. McComb Infirmary Association, 196 So.2d 91 (Miss. 1967) as the rule in Mississippi and as the general rule; however, the Court held that the statute of limitation did not begin to run until the death of the infant because the action was brought under the Mississippi Wrongful Death Statute, Mississippi Code 1942 Annotated section 1453 (1956), which has been amended.
In the case of Johnson v. Crisler, 156 Miss. 266, 125 So. 724 (1930) we held that in a suit to recover damages for a false certificate to an abstract of title based on breach of contract "the cause of action accrues at the time of the breach, regardless of the time when the damages from the breach occurred * * *." 156 Miss. at 269, 125 So. at 724-725. Although it is asserted by appellee that the case at bar is distinguishable in that the action in the present case sounds in tort for negligence, the Johnson case, supra, continued and stated:
"[I]t is immaterial, so far as the running of the statute of limitations is concerned, whether the negligence out of which the cause of action arose, was the breach of a contract, or affirmative disregard of some positive duty; in either case the cause of action accrues when the abstract of title is certified to and delivered. The statute of limitations runs from that time, and not from the time the damage occurs." 156 Miss. at 269, 125 So. at 725.
While we realize there is some merit in appellee's argument that there is potential inequity in denying the relief sought by appellee through the operation of the statute of limitation when as here the appellee was unaware of the negligent acts for a substantial period of time, we are faced squarely with the inexorable fact that no exception has been engrafted upon our statute which would take into consideration the ignorance of an individual. Young v. Cook, 30 Miss. 320 (1855). Likewise, of controlling importance is the reason for and policy of repose established by the legislature, namely, "to protect parties against stale demands, which, in many cases, might be more easily established after a great lapse of time, than if they had been immediately prosecuted." Cook v. Lindsey, 34 Miss. 451, 455 (1857).
Since it is solely within the province of the legislature to determine public policy and to enact laws with reference thereto, we cannot agree with the contention of appellee that to apply the legislative intent of repose under the Mississippi statutes of limitation could be more harmful and hostile to public interest. Redress for such alleged wrongs are outside of the judicial process insofar as this Court's interpretations are concerned. In addition, we note that the legislature has had ample opportunity to express its opposing concept, if any, to the Court's refusal in Wilder v. St. Joseph Hospital, supra, to adopt the "know or ought to know" rule through new and contrary legislative action. The only logical conclusion to be drawn from the failure of the legislature to amend the act or to pass new legislation *841 is that they concur in the court's interpretation of the statute. The Mississippi Supreme Court expressed an unwillingness to engraft judicial exceptions onto the statute of limitation as early as 1857 in Cook v. Lindsey, supra.
Therefore, since there was no allegation of fraudulent concealment and since the Mississippi decisions and statute of limitation do not justify the adoption of the "know or ought to know" rule, we conclude that the trial court erred and that the case must be reversed because the action was barred by the six year statute of limitation, Mississippi Code 1942 Annotated section 722 (1956), which is applicable to this case. The judgment is therefore reversed and judgment is entered here for the appellants.
Reversed and judgment entered here for appellants.
GILLESPIE, P.J., and JONES, INZER and ROBERTSON, JJ., concur.