Eddie J. MALY and Joyce Maly,
Plaintiffs,

v.

The MAGNAVOX COMPANY and North American Phillips Company, Inc.,
Defendants.

No. DC 77–45–S.

United States District Court,
N. D. Mississippi,
Delta Division.

Sept. 22, 1978.

Jack Dunbar, Holcomb, Dunbar, Connell, Merkel, Tollison & Khayat, P. C., Clarksdale, Miss., for plaintiffs.

Fred DeLong, Campbell & DeLong, Greenville, Miss., for defendants.

## MEMORANDUM OF DECISION

ORMA R. SMITH, District Judge.

Plaintiffs Eddie J. Maly and Joyce M. Maly, Mississippi citizens, filed this diversity action against defendant The Magnavox Company (Magnavox), a Tennessee corporation, and defendant North American Phillips Company, Inc. (North American Phillips), an Arkansas corporation.[1] Plaintiffs allege that they purchased a television set manufactured by Magnavox and that the television set malfunctioned causing a fire which destroyed most of their home. Plaintiffs seek compensatory damages for the injuries they suffered as a result of the malfunctioning of the television set under three legal theories: (1) Breach of the implied warranties of merchantability and fitness for a particular purpose which are found in Mississippi's Uniform Commercial Code; (2) Strict liability in tort; and (3)

Negligence. Plaintiffs also seek punitive damages claiming defendants' failure to recall the television set or to warn plaintiffs of the dangers in the television set constitute gross and willful negligence.

Defendants have filed a motion for summary judgment which seeks dismissal of the action for the reason that it is barred by the statute of limitations. Defendants contend that the 6-year statute of limitations found in Miss.Code Ann. § 15–1–49 (1972) is applicable to this case and plaintiffs have not disagreed with this contention.

■ The court finds that section 15–1–49 applies to the tort aspect of plaintiffs action, *See Alabama Great Southern R. R. v. Allied Chemical Corp.*, 467 F.2d 679, 680 n. 3, 682 (5th Cir. 1972) (applying Mississippi law). However, the court finds section 15–1–49 does not govern the breach of implied warranties claim. Although plaintiffs' complaint does not refer to any particular section of Mississippi's Uniform Commercial Code when alleging the defendants have breached the implied warranties of merchantability and fitness for a particular purpose[2] the court believes that plaintiffs are relying on the implied warranty of merchantability in Miss.Code Ann. § 75–2–314 (1972) and the implied warranty of fitness for a particular purpose in Miss.Code Ann. § 75–2–315 (1972). Sections 75–2–314 and 75–2–315 appear in Chapter 2 of Mississippi's Uniform Commercial Code which contains its own statute of limitations, Miss. Code Ann. § 75–2–725 (1972).[3] The court

---

1. Plaintiffs allege that Magnavox has merged with or been acquired by North American Phillips, that North American Phillips assumed the liabilities, warranties and duties of Magnavox but that Magnavox has not been released from any of the obligations resulting from the manufacture and sale of the television set involved in this action. The defendants deny these allegations but the issues of fact raised by these denials are not material to the disposition of the pending motion for summary judgment.

2. The pertinent part of the complaint reads:
   Under the Uniform Commercial Code there are implied warranties of merchantability and fitness for purpose flowing from the Defendants to the Plaintiffs with respect to the said Magnavox television, and these warran-

ties have been breached by the Defendants in that the said television was not merchantable, and not fit for its intended purpose since it was dangerous and defective in a manner which led to its exploding and/or igniting, proximately causing the Plaintiffs' home to burn.

3. Section 75–2–725 reads in part:
   (1) An action for breach of any contract for sale must be commenced within six (6) years after the cause of action has accrued.
   (2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future perform-

finds that section 75–2–725 applies to that part of plaintiffs' action which is based on breach of implied warranties of merchantability and fitness for a particular purpose. *Rutland v. Swift Chemical Co.*, 351 So.2d 324 (Miss.1977). Since the defendants' motion does not rely on section 75–2–725 and since the parties have not briefed the issue, the court will deny the motion but allow defendants, after reviewing the statute and court decisions, to file a motion to dismiss the breach of implied warranties claim on the ground that it is barred by the statute of limitations if they find such a motion appropriate.[4]

■ The court now turns to defendants' argument that the negligence claim and the strict liability in tort claim are time-barred under section 15–1–49. The parties agree on the following material facts:

1. The television set was purchased by plaintiffs on November 24, 1970.

2. The fire in plaintiffs' home occurred on December 30, 1976.[5]

3. Plaintiffs' complaint was filed on May 18, 1977.

The only issue for the court to decide is when the 6-year limitation period began to run. Defendants contend the limitations period began on either the date the television was manufactured or the date it was sold to plaintiffs, but regardless of which date is selected, the action is time-barred because the date of manufacture is prior to the date of sale and the sale occurred more than 6 years prior to the date the action was commenced. Plaintiffs contend that the limitations period began to run on the date of the fire.

In *Alabama Great Southern R. R. v. Allied Chemical Corp.*, 467 F.2d 679 (5th Cir. 1972) the court had before it the issue of when the 6-year statute of limitations in Miss.Code Ann. § 722 (1942) *now codified as* Miss.Code Ann. § 15–1–49 (1972) began to run in a tort products liability case.[6] In 1969, the wheels of a tank car in one of plaintiff railroad's trains collapsed, causing a derailment which in turn caused the tank car with the collapsed wheels and other tank cars to explode. In 1969, the plaintiff railroad sued the manufacturer of the wheels, the builder of the tank car and the owner of the tank car. The wheel and tank car were manufactured in 1962 and turned over to plaintiff railroad in that year. The district court dismissed the action finding "that the six year statute began to run in 1962 and thus barred [plaintiff's] suit filed in 1969." 467 F.2d at 681. The Fifth Circuit noted that "[a] number of Mississippi cases hold that a cause of action accrues at

ance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

4. In denying the summary judgment motion as it relates to the breach of implied warranties claim, the court makes no comment on its validity or lack thereof. The dismissal is based only on the fact that the parties apparently failed to recognize which statute of limitations applied to that claim.

5. Plaintiffs complaint states that the fire occurred on December 30, 1976. However, in response to one of defendant Magnavox's request for admissions, plaintiffs admitted that the accident occurred on December 20, 1976. (Response to Defendant Magnavox's Request for Admissions, No. 17, filed on February 1, 1978). The 10-day difference is not material to the court's disposition of the summary judgment motion and the court will use December 30, 1976, as the date of the fire.

6. In addition to the tort claims of common law negligence and strict products liability, the plaintiff also alleged that defendants were liable for breach of warranty in design and manufacture. 467 F.2d at 680. However, the Fifth Circuit found that the district "court apparently based its holding [that the statute of limitations barred the action] on the Mississippi rule that a cause of action in tort generally accrues at the time of the negligent or otherwise wrongful act or omission rather than when the act or omission is discovered or causes harm," 467 F.2d at 680, and therefore limited its discussion to the application of the statute of limitations to a tort products liability case and did not discuss the breach of warranty claim. *Since the Fifth Circuit did not consider the breach of warranty claim, this court's ruling today, supra, that the implied warranty claim in the action sub judice is governed by the 6-year statute of limitation in section 75–2–725 cannot be considered contrary to the ruling in Alabama Great Southern R. R. v. Allied Chemical Corp.*

**50**

the time of the wrongdoing or 'time of delivery' rather than when the wrong is discovered or causes harm," 467 F.2d at 682, but after examining these cases, the court found that "Mississippi's courts have apparently never been called upon to interpret the state's statute of limitations in a products liability case." 467 F.2d at 682. In its analysis of the facts of the case and certain decisions by the Mississippi Supreme Court the Fifth Circuit made the following statements and findings:

> Thus, in *Wilder* [*v. St. Joseph Hospital,* 225 Miss. 42, 82 So.2d 651 (1955)] the supreme court seemed to establish a "know or ought to know" rule, i. e., that if a plaintiff knew or ought to have known of his right within the limitation period but failed to assert it in court he was barred. *Wilder* and its predecessors appeared to leave open the possibility that if, conversely, a party did not know or could not have known of his right of action he could assert it more than six years after the wrong was perpetrated. [T]here is no suggestion in the record before us that [plaintiff railroad] knew or should have known of the defect in the wheel prior to the derailment.

> .     .     .     .     .

> [W]e do not think a Mississippi court would hold that strict liability of sellers of defective products is always restricted to the first six years of the product's life no matter what its nature and normal life expectancy.

> .     .     .     .     .

> [We] conclude that a Mississippi court would hold that [plaintiff railroad's] cause of action accrued at the time of the derailment.

> We realize that manufacturers should not be held liable indefinitely for defects in every article they introduce into the stream of commerce. We decide here only that Mississippi courts would not use so blunt an instrument as the statute of limitations to shield them in a products liability case in which the injured has no

hint of the defect in the product until after the limitation period has run.

467 F.2d at 683, 684 (footnotes omitted).

The parties have not cited and the court has not found any reported decision by the Mississippi Supreme Court decided subsequent to and holding different from the ruling in *Alabama Great Southern R. R. v. Allied Chemical Corp., supra,* and therefore this court finds that the *Alabama Great Southern R. R.* ruling is controlling in the action sub judice. Since defendants have not shown that plaintiffs knew or should have known of the alleged defect in the television set prior to the fire, the court finds that the statute of limitation begun to run on the date of the fire and therefore the negligence and strict liability in tort claims are not time-barred under section 15–1–49.

An appropriate order will be entered.