573 So.2d 704 (1990)
OWENS-ILLINOIS, INC.; Pittsburgh Corning Corp.; Hopeman Brothers, Inc.; Manville Corp. Asbestos Disease Compensation Fund; Owens-Corning Fiberglas Corp. and Dmn Electric Supply Co., Inc.
v.
Charles Gavin EDWARDS.
No. 90-IA-0370.
Supreme Court of Mississippi.
December 12, 1990.
*705 Richard L. Forman, Walter G. Watkins, Jr., Ronald D. Collins, Ferrell Tadlock, Fred Krutz, III, Forman Perry Watkins & Krutz, Peter L. Corson, Suzanne N. Saunders, David J. Slaughter, Saunders Abel & Fortenberry, Thomas W. Tardy, III, Julie E. Chaffin, Patrick D. McMurtray, Cynthia M. Sarthou, Thomas Price Alston Jones & Davis, Jackson, Robert W. Wilkinson, Brown & Associates, Pascagoula, Douglas R. Duke, Shell Buford Bufkin Callicutt & Perry, Jackson, Richard M. Crump, Paul B. Shaw, Jr., Jim Crosby, Crosby Saad & Beebe, Mobile, Ala., for appellant.
Richard F. Scruggs, W. Steve Bozeman, Alwyn H. Luckey, Donald W. Cumbest, David O. McCormick, Cumbest Cumbest Hunter & McCormick, Pascagoula, Wm. Roberts Wilson, Jr., Mitchell H. Tyner, Wm. Roberts Wilson, Jr., P.A., Jackson, for appellee.
Christy D. Jones, Thomas E. Williams, J. Stevenson Ray, Butler Snow O'Mara Stevens & Cannada, Jackson, Fred C. DeLong, Jr., Campbell DeLong Hagwood Wade & Stuart, Greenville, Crymes G. Pittman, Cothern & Pittman, John G. Jones, Danny Cupit, Cupit Jones & Fairbank, Jackson, James N. Compton, Compton Crowell & Hewitt, Biloxi, for amicus curiae.
En Banc.
PITTMAN, Justice, for the Court:
This interlocutory appeal is from the Jackson County Circuit Court's grant of partial summary judgment in favor of Charles Edwards, and against Owens-Illinois and the other defendant/appellants. The issue presented is whether Edwards' claim is time barred under Miss. Code Ann. § 15-1-49 (1972), or whether a "discovery" rule exists which is applicable in a products liability and negligence action involving latent diseases. The Circuit Court found that such a rule did exist and that the claim was not barred. We agree and affirm.

I.
Charles Edwards, plaintiff/appellee, was employed at the Ingalls Shipbuilding facilities in Pascagoula, Mississippi, from the 1940's until 1984. Edwards was routinely exposed to asbestos during this employment, specifically during the installation of insulation materials, with the last exposure occurring no later than December 31, 1976. These asbestos-containing products were allegedly manufactured and sold to Ingalls by, among others, the defendants in this cause. Edwards first began experiencing shortness of breath in 1980. In 1983, Edwards was informed by medical examiners at Ingalls that he should be checked for the possibility of asbestosis, a scarring of the lungs caused by exposure to asbestos fibers. Edwards had x-rays taken; a radiologist found "no abnormalities in the chest" and "no evidence to indicate asbestosis." However, on August 26, 1986, Edwards was diagnosed with pulmonary pleural asbestosis.
Edwards filed suit in Jackson County Circuit Court on September 29, 1986, as part of a multi-plaintiff consolidated action. Edwards sought recovery against the defendants under the theories of negligence and strict liability in tort. The defendants raised several affirmative defenses, specifically that the action was barred by Miss. Code Ann. § 15-1-49 (1972), the catch-all six-year statute of limitations. At the time suit was filed, § 15-1-49 provided:
All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after.
Effective July 1, 1989, the Mississippi Legislature amended § 15-1-49 so that the period of limitations was shortened to three years.
*706 On January 12, 1990, Edwards moved for partial summary judgment on the issue of whether his action was barred by § 15-1-49. Edwards sought an adjudication that at the time his complaint was filed, a common law "discovery rule" existed, so that his cause of action did not accrue until August 26, 1986, the date upon which the plaintiff was first diagnosed with an asbestos-related disease. Defendants timely responded and filed cross-motions for summary judgment, asking the Circuit Court to find that the action had accrued at the time of the wrongful act or omission, that being when Edwards was last exposed to asbestos products, and was barred as a matter of law. A hearing was held on the motion and cross-motions on February 20, 1990. In February 1990, the Mississippi Legislature once again amended § 15-1-49. The amended version of § 15-1-49, signed into law on March 12, 1990, provided:
(1) All actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued, and not after.
(2) In actions for which no other period of limitation is prescribed and which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury.
(3) The provisions of subsection (2) of this section shall apply to all pending and subsequently filed actions.
On March 14, 1990, the Circuit Court issued a memorandum opinion, finding in favor of Charles Edwards. The Court found that § 15-1-49 as it existed before the 1989 amendment was controlling. It further found:
[A] cause of action for latent injury based on negligence and strict liability theories of recovery accrues, and the applicable statute of limitations, § 15-1-49, begins to run, only when a plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he or she has sustained an actionable injury. The operative time is when the plaintiff can reasonably be held to have knowledge of the fact that he or she has been injured, the cause of the injury, and the causative relationship between the injury and the injurious act or product.
The Circuit Court was of the opinion that the 1990 amendment to § 15-1-49 merely clarified and codified the law as it existed prior to the amendment. Because the Court found that the claim in question was not time barred under § 15-1-49 (1972), it also found that § 15-1-49(3) (Supp. 1990) was not an attempt to revive a barred claim, and was not unconstitutional under Miss. Const. art. IV, § 97.
All parties petitioned for permission for interlocutory appeal from the Circuit Court's judgment. Permission to appeal was granted by this Court in an order dated April 25, 1990. All proceedings in the Jackson County Circuit Court were stayed pending the outcome of this appeal.

II.
The question presented is simply this: when did Charles Edwards' cause of action accrue? All parties agree that § 15-1-49 (1972) is applicable, but it contains no definition of accrual. This Court has defined accrual:
A cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested. Rankin v. Mark, 238 Miss. 858, 120 So.2d 435 (1960); Aultman v. Kelly, 236 Miss. 1, 109 So.2d 344 (1959); Walley v. Hunt, 212 Miss. 294, 54 So.2d 393 (1951); and Forman v. Mississippi Publishers Corp., 195 Miss. 90, 14 So.2d 344 (1943). A cause of action must exist and be complete before an action can be commenced, and, when a suit is begun before the cause of action accrues, it will generally be dismissed if proper objection is made. Euclid-Miss. v. Western Cas. & Sur. Co., 249 Miss. 547, 163 So.2d 676 (1964); Boydstun v. Pearson, 239 Miss. 479, 123 So.2d 621 (1960); and Miller v. Fowler, 200 Miss. 776, 28 So.2d 837 (1947).
*707 Estate of Kidd v. Kidd, 435 So.2d 632, 635 (Miss. 1983). To the same effect is Smith v. Temco, Inc., 252 So.2d 212, 216 (Miss. 1971), which states that "[t]he tort is not complete until the injury occurs... ." These general guidelines must be viewed in the context of the characteristics of asbestosis and other asbestos-related diseases. According to medical records and authorities submitted by Edwards to support his summary judgment motion, asbestosis is generally not subject to diagnosis until fifteen years or more after exposure. When symptoms do appear, they are generally non-specific for asbestosis and are difficult to distinguish from disorders not related to asbestos. Other diseases associated with exposure to asbestos may have latency periods of thirty years or more.
Because of the mixed signals that this Court has sent out on the matter of accrual, both sides in this cause are able to cite convincing authority. Defendants rely first on Wilder v. St. Joseph Hospital, 225 Miss. 42, 82 So.2d 651 (1955), which involved a medical malpractice action. Mrs. Wilder alleged that doctors who had operated on her in 1939 had done so in a negligent manner and had left a variety of substances, such as gauze and sponges, inside her. Wilder filed her action in 1954, alleging that her cause of action accrued from the time of her corrective surgery, when she actually discovered the injuries she had suffered. The trial court disagreed, dismissing her action as time barred, and this Court affirmed, relying on "the general rule that a cause of action for malpractice accrues and the statute begins to run at the time of the injury, or, as otherwise stated, on the date of the wrongful act or omission constituting the malpractice, and not from the time of the discovery thereof." Wilder, 225 Miss. at 45-46, 82 So.2d at 652. In M.T. Reed Construction Co. v. Jackson Plating Co., 222 So.2d 838 (Miss. 1969), this Court declined to adopt a discovery rule which would have preserved an action involving a negligently constructed roof. More importantly, the matter of interpretation of accrual, as to Miss. Code Ann. § 722 (1942), predecessor of § 15-1-49, was found to be the exclusive province of the Legislature, and outside the judicial process. Reed, 222 So.2d at 840-841.
The medical malpractice area was revisited in Kilgore v. Barnes, 508 So.2d 1042 (Miss. 1987). Barnes had undergone heart surgery in 1974. During the course of the surgery a metallic surgical needle was left in the lining of Barnes' heart, something which Barnes had discovered by accident in 1982. Barnes filed suit within two years after this discovery. The Court noted that in 1976 the Legislature had enacted § 15-1-36, a statute dealing specifically with medical malpractice actions, which provided a two-year period of limitations that began to run "from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered." As Barnes' claim was yet not barred in 1976 under the then applicable limitation period, § 15-1-49, he was able to take advantage of the liberalized definition of accrual supplied by § 15-1-36. The Court added that "[i]f this action were governed by our general, catch-all six-year statute of limitations, Miss. Code Ann. § 15-1-49 (1972), we would hold it barred. Under that statute, we have heretofore held that claims accrue and the clock begins to tick on the date of the wrongful act complained of." Kilgore, 508 So.2d at 1044.
Charles Edwards relies on Ford Motor Co. v. Broadway, 374 So.2d 207 (Miss. 1979), which interpreted § 15-1-49 in the context of strict products liability. In Ford Motor Co., the plaintiff was injured by an allegedly defective tractor more than ten years after the tractor had been purchased. Suit was not filed until more than four years after the injury. The jury found in favor of the plaintiff. Concerning Ford's allegation that the action was barred under § 15-1-49, this Court found:
The statute of limitations in strict products liability cases should strike a balance between the necessity of providing the consumer with adequate time within which to discover a defect and institute an action, and the need to provide the manufacturer with a definite *708 period of liability and a date on which his exposure to suit ends.
While there is some doubt that our catch-all six-year statute meets these tests, since Mississippi has no special statute of limitations in strict products liability in tort actions, we hold that the six-year statute applies and, in personal injury actions, the statute begins to run from the time that injuries are sustained. If our interpretation is not in accord with its views, it is the legislature's prerogative to change or amend the present statute or enact a new one applying specifically to strict products liability cases.
Ford Motor Co., 374 So.2d at 209. The decision in Ford Motor Co. did not adopt a discovery rule. However, this Court did recognize that there are certain causes of action where the wrongful act and the resulting injury do not occur simultaneously, and this should be taken into consideration when interpreting § 15-1-49 for purposes of accrual. Equally important, the Court repudiated its position taken in M.T. Reed, and reasserted that where the Legislature does not define or interpret statutory terms, this Court has the power and duty to do so.
Edwards also relies on decisions in which this Court has applied a discovery rule where none existed on the face of the statute. In the area of workers' compensation, the applicable statute, Miss. Code Ann. § 71-3-35(1), states only that an application for benefits must be filed with the commission "within two years from the date of the injury or death... ." This Court has found and continues to hold that, in the case of a latent injury, "the two-year limitation statute does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." Tabor Motor Co. v. Garrard, 233 So.2d 811, 814 (Miss. 1970); see also Benoist Elevator Co. v. Mitchell, 485 So.2d 1068, 1069 (Miss. 1986) (same).
Staheli v. Smith, 548 So.2d 1299 (Miss. 1989), dealt with the time of accrual of a defamation action in relation to Miss. Code Ann. § 15-1-35. Staheli, an engineering professor at the University of Mississippi, filed suit in February 1986 against Dr. Smith, the Dean of the School of Engineering, for alleged defamatory material which Smith had caused to be placed in Staheli's tenure file. Staheli also alleged that he did not see the material in question until 1984, as Smith had refused to let him see the file. Smith claimed that Staheli was barred by § 15-1-35, citing the general rule that the statute began to run from the date of publication of the allegedly libelous statement to a third person. Staheli argued that the statute did not begin to run until he reasonably, by due diligence, was able to discover that he had been defamed. This Court found:
We are convinced that the general policies underlying this statute of limitations will not be thwarted by adoption of the discovery rule in that limited class of libel cases in which, because of the secretive or inherently undiscoverable nature of the publication the plaintiff did not know, or with reasonable diligence could not have discovered, that he had been defamed. In such rare instances, we do not believe that a plaintiff can be accused of sleeping on his rights.
Staheli, 548 So.2d at 1303.
Both sides also rely on persuasive but contradictory decisions from the Fifth Circuit Court of Appeals interpreting Mississippi law. See Jackson v. Johns-Manville Sales Corp., 727 F.2d 506 (5th Cir.1984); Jackson v. Johns-Manville Sales Corp., 781 F.2d 394 (5th Cir.1986); contra Lindley v. Hamilton, 883 F.2d 360 (5th Cir.1989). The Fifth Circuit has the unenviable task of anticipating where we have not yet acted, and in the area of accrual of a cause of action for latent disease, its confusion is a product of our inconsistency.
We find our decisions in Ford Motor Co., Tabor Motor Co. and Staheli to be persuasive and controlling. In the context of a latent disease cause of action, it would be illogical to equate the time of the wrongful act or omission, in this case the last exposure to the allegedly harmful or defective product, with the time of the injury, as we did in Wilder. Illogical results, such as the *709 finding that plaintiffs are barred from seeking relief from injuries which are undiscoverable until the pertinent time for seeking such relief has passed, would not only undermine the purposes for which statutes of limitations exist, but would also engender disrespect for our civil justice system.
We affirm the Circuit Court's finding that a discovery rule exists in conjunction with § 15-1-49 (1972) in the case of a negligence or products liability cause of action involving latent disease. To alleviate any possible confusion, we find that the discovery rule adopted is identical to the rule provided in Miss. Code Ann. § 15-1-49(2) (Supp. 1990). The cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease. In the case at bar, that date is August 26, 1986, the date Charles Edwards was diagnosed with asbestosis. Though the cause of the injury and the causative relationship between the injury and the injurious act or product may also be ascertainable on this date, these factors are not applicable under § 15-1-49(2), as they are under Miss. Code Ann. § 15-1-36. The judgment of the Circuit Court is modified to the extent that it differs from the statutory rule.

III.
Because the defendants claim that Charles Edwards' cause of action is time barred under § 15-1-49 (1972), they then argue, based on Miss. Const. art. IV, § 97, that § 15-1-49(3) (Supp. 1990) is an unconstitutional attempt to revive the claim. Because we hold that the claim is not time barred, the amended version of § 15-1-49 may apply to Edwards' claim in a constitutional manner.
Hopeman Brothers raises a separate issue, that summary judgment was inappropriately granted against it because Charles Edwards knew or should have known of his asbestosis as early as 1983. We find this issue to be premature for disposition at this time. Hopeman Brothers, like the other defendants in this cause, may in the trial court further litigate the issue of what Charles Edwards knew and when he should have known it. The judgment of the Circuit Court is affirmed as modified.
AFFIRMED AS MODIFIED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON and BLASS, JJ., concur.
HAWKINS, P.J., dissents by separate written opinion.
SULLIVAN and ANDERSON, JJ., not participating.
HAWKINS, Presiding Justice, dissenting:
I would have no difficulty with the well-reasoned majority opinion if this case were before us on an appeal from a final judgment.
Instead, it is before us on an interlocutory appeal, which, for reasons stated in a dissent in City of Mound Bayou v. Johnson, 562 So.2d 1212 (Miss. 1990), Hawkins, P.J., dissenting at 1221, we have no Constitutional or statutory authority to grant. As a consequence, we have no Constitutional or statutory authority to decide this issue now.
If the circuit court had wanted to have this Court address this question, and at the same time avoid all doubt as to jurisdiction, it could simply have sustained the defense plea of the statute of limitations, Miss. Code Ann. § 15-1-49, and dismissed the suit. That would have been an appealable final judgment, and we could have granted an expedited appeal. Instead, it followed the same course followed in Kilgore v. Barnes, 490 So.2d 895 (Miss. 1986), Hawkins, J., dissenting at 896; and Mound Bayou, supra, overruled the defense plea, and thereby retained jurisdiction. There simply is no authority for this type of appeal, Mound Bayou, supra, 562 So.2d at 1221, unless this Court's assertion unto itself of such authority can give it to us.
I have no doubt that we have plainly asserted the authority to determine on our own, and without any statutory authority therefor, when and under what circumstances *710 we can grant an interlocutory appeal in a pending circuit court or chancery court case, which but for our interference that court unquestionably would have the Constitutional and statutory authority to conclude. Rule 3, 5 Miss.Supreme Court Rules; Mound Bayou, supra, 562 So.2d at 1227, Hawkins, J., dissenting. An assertion by us of such authority, however, cannot in and of itself give it to us.
Perhaps some argument can be made for the utility of an interlocutory appeal in a circumstance as this, with numerous pending cases involving the identical question. If so, it is a matter for the Legislature to consider whether the statutory jurisdiction given this Court to hear interlocutory appeals under Miss. Code Ann. § 11-51-7 (Supp. 1989) should be enlarged.
I would dismiss this appeal for lack of jurisdiction, and I respectfully dissent.