## C. S. NORTH, ADM'R, v. ANNA M. JAMES.

1. LIMITATION OF ACTIONS. *Ability to sue. Married women.*
   Mere ability to sue does not impose an obligation to do so. Hence, where a married woman could have sued either with or without her husband, after her marriage, she is not compelled to do so, nor will her failure to sue subject her to a plea of the statute of limitations.

2. SAME. *Code of* 1857. *Causes not cognizable by law courts. Minority and coverture.*
   Art. 31, page 403, of the Code of 1857, does not cut off the rights of minors and married women, they being protected by the same statute, and under that code no statute can run against any one having a cause of action against the estate of a decedent until one year after the appointment of an administrator.

3. SAME. *Double disability. Infancy and coverture. Code* 1857. *Case in judgment.*
   W. was intrusted with a fund in 1857 to be paid to J. upon her marriage. J. married in 1866, being then only sixteen years old. Her husband died in 1877. W. died in 1870, but no administrator was appointed until 1883, whereupon suit was brought by J. to recover the money placed in the hands of W. for her benefit. *Held,* that J.'s right of action which accrued to her on her marriage was not barred under the Code of 1857.

4. SAME. *Two disabilities. When statute begins to run.*
   Where a party is under two or more disabilities when a cause of action accrues, the statute will not begin to run until all are removed.

APPEAL from the Chancery Court of Hinds County.

HON. E. G. PEYTON, Chancellor.

The facts are stated in the opinion.

*Wells & Williamson,* for the appellant.

We insist, first, that Williams was indebted to Marshall for negroes, and his verbal agreement to pay to his children did not alter the statute of limitation. The claim was barred, then, three years from the date of the transaction, to wit, 1860. But if mistaken in this, then we insist that the right of action accrued to Mrs. James on her marriage in 1866, and she is barred by the ten years statute of limitations as to trusts. See Code 1857, p. 403, art. 31, 1st clause. That she would with her husband then have

the right to sue for income and receipt for the money.  See Code 1857, p. 338, art. 32 ; p. 462, art. 148 ; *Cook* v. *Lindsay*, 34 Miss. 451 ; *White* v. *Latimer*, 12 Texas 61 ; *Thompson* v. *Craig*, 24 Texas 582.    But it will, perhaps, be insisted that she was then a minor, and that the statute could not run against her until she became twenty-one years of age.    Even taking that view of the case, she is still barred, as we insist, by the ten years statute, hereinbefore invoked.    If she was born 29th December, 1849, then she was twenty-one years of age 29th December, 1870.    If we date that as the time the cause of action accrued, then she was barred some years before she instituted this proceeding, to wit, February 16, 1883. But it may be insisted that as J. C. Williams died April, 1870, a few months before Mrs. James became of age, that the right of action did not accrue until an administrator was appointed by his estate, which did not occur until just a few weeks before the filing of this bill.    We have several answers to make to this proposition. If we are right that the right of action accrued to Mrs. James on her marriage, as we have before insisted, then the statute began to run against her then, and the death of Williams did not stop the running of the statute, and she was barred in 1876.    *Abbott* v. *McElroy*, 10 S. & M. 100 ; *Johnson* v. *Pyles*, 11 S. & M. 189 ; *Stephenson's Heirs* v. *McReary*, 12 S. & M. 9 ; *Byrd* v. *Byrd*, 28 Miss. 144.    It will, however, be further insisted, perhaps, that before she became of age Williams died, and another disability to sue attached, and for that reason she is not barred by the ten years statute before invoked.    We insist that this is lacking two disabilities, to wit, minority from the time of her marriage to the time she became of age, and the disability of want of administration of Williams' estate to the time of his appointment.    It has been repeatedly decided that a party cannot avail himself of cumulative disabilities.    See Angell on Limitations 197–199, 477, 478, 479, and 480; *Parmele* v. *McGinty*, 52 Miss. 482; *Watts* v. *Gunn*, 53 Miss. 503 ; *Dease* v. *Jones*, 23 Miss. 133.

*J. & J. M. Shelton*, for the appellee.

The appellee, whether she was born in December, 1849, or 1850, was at all events a minor and under twenty-one years of age at the

time of the death of John C. Williams, in April, 1870, and was within the saving clauses of the statutes of limitation. The trust debt from Williams to the appellee was not due when he died, and the statute never began to run against the appellee, who was then a minor, till the qualification of his administrator, in January, 1883, just before the institution of her suit, or at most on the going into effect of the Code of 1880, on the 1st day of November of that year, just two years and three months before her suit was commenced, and too short a time to bar her demand if it had been even a mere open account and nothing more. Much less is she barred by the limitation of ten years as to trusts, contained in art. 31 on page 403 of the Code of 1857, which article contains within itself explicit savings for all the disabilities recognized by the law, and of which minority is one, and connects itself with art. 18 on page 401 of the same code, the two together exposing too closely the fallacy of the positions assumed to require further remark from us. But it is urged that she and her husband had the right to sue at any time after her marriage, and arts. 31 and 32 of the Code of 1857 are referred to. Admitting this to be so, still, she was not bound to sue, but had the right to avail herself, as she has done, of the saving clause of the statute in her behalf. These cases are cited : *Cook* v. *Lindsay*, 32 Miss. 451 ; *White* v. *Latimer*, 12 Texas 61 ; *Thompson* v. *Craig*, 24 Texas 598. Angell on Limitations, §§ 195, 199, is conclusive of this subject in our favor. From what has already been said it is to our minds entirely clear that the statute did not begin to run against the appellee, Mrs. James, on her marriage in 1866, and as Williams died in April, 1870, before she came of age, as she did in December of that or the ensuing year, that it did not begin to run against her till administration was taken out, only a few weeks before her suit was commenced, in spite of the several answers which counsel say that they had to make to this proposition. As to the law in regard to tacking one disability to another, properly construed, we should probably not differ very much from opposing counsel, but we have been greatly amused at the idea advanced by them that the want of an administration of the estate of Williams was a disability of the appellee, especially as it is specifically pro-

vided for by art. 18, on page 401 of the Code of 1857, and in the very chapter cited by them. We rely upon the original disability of minority and the plain letter of the law.

CHALMERS, J., delivered the opinion of the court.

The testimony was conflicting, and the Chancellor adopted that of the complainant, which, not being improbable in itself or indeed clearly more so than that of the defendant, must be accepted as true.

The facts then are as follows : The father and mother of complainant together deposited with J. A. Williams, deceased, in 1857, seven hundred and forty dollars, which the said Williams agreed to hold until their death or marriage as trustee for complainant and her minor sister, who is now dead with no heir save complainant. The agreement was signed and acknowledged by the father of complainant only, who shortly after left the county and died without being heard from. Interest was regularly paid by Williams to the mother until 1861. There has been to this hour no final settlement of the trust. Williams died in 1870. There was no administration of his estate until shortly before this suit was brought. Complainant came of age in 1871, having intermarried in 1866 with one James, who lived for eleven years and then died. This suit was brought in 1883. Upon the facts, the Chancellor held that Williams' estate owed the whole amount due, giving no interest to complainant until after her marriage in 1866, at which time she was entitled to the whole amount, and after which time it is not pretended that she ever received anything. Before that time he held that the interest was properly paid to the mother under the language of the written contract.

Apart from the facts, the defense is based wholly on the statute of limitations, which we now proceed to examine :

1. The three years statute is pleaded, because it is said that the agreement to pay was to the husband only, who was bound to pay at the end of three years. This is not so. The contract was to pay the principal sum to the complainant upon her marriage, and it was entirely competent so to contract.

2. It is said that very many years have now elapsed since com-

plainant's marriage, and therefore she is barred, as she might then have sued alone. On the contrary, this court has held several times that a mere ability to sue does not impose an obligation to do so. While, therefore, the complainant might have sued either with or without her husband after her marriage, she was not compelled to do so, nor will her failure to sue subject her to a plea of the statute of limitations.    *Cook* v. *Lindsey*, 34 Miss. 451; *Thompson* v. *Craig*, 24 Miss. 598; 11 S. & M. 189; 10 S. & M. 100; 12 S. & M. 9; 28 Miss. 144.

3. It is insisted that if no other statute bars her she must be so barred by the ten years statute, which cuts off all right even where the remedy is purely equitable. Code of 1857, art. 31, p. 403. By the same code, however, the rights of all minors and *feme coverts* are protected and no statute would run against anybody until one year after the appointment of an administrator upon the estate of Williams, and no such administrator was appointed until shortly before this suit was brought. Code of 1857, p. 401, art. 18.

4. The trust debt due complainant by Williams matured only upon her marriage.    She was then *covert*, by which fact the running of the statute was prevented until her husband's death in 1877, at which time the statute would have commenced to run, but before that time Williams died, to wit, in 1870. It could not run under Code of 1857 until there was administration on his estate, which happened only a short time before the bringing of this suit.

5. It is urged, however, that she might have sued upon her marriage, in 1866, and from that time the statute, even if it be of ten years, must be counted. Counsel forgets that she was then under a double disability, to wit, coverture and infancy, and that, under such circumstances, the statute will not begin to run until the removal of both.    In other words, Mrs. James was entitled to sue only after marriage.    She was married at sixteen, and at once became both an infant and a *feme covert*. It was a case, therefore, of double disability at the *time of the accrual of her right*. Where a right accrues to a party laboring under two disabilities, the statute will not run until both are removed.    Angell on Limitations, §§ 198, 481; Wood on Limitations, pp. 13, 491–5.    Mrs. James,

therefore was not bound to sue until her husband died, in 1877. Mr. Williams, the debtor, died in 1870, and the statute at once ceased to run until an administrator of his estate was appointed, and as soon as this happened this suit was brought.

Hence it follows, that though more than twenty-six years have elapsed since the money was given to Mr. Williams, and more than thirteen years since his death, the demand of Mrs. James is not barred, this whole effect being, perhaps, produced by the failure to qualify on his estate. No such effect is possible under the Code of 1880 by virtue of § 2673, but the rights of the parties have accrued under the former code, nor did sufficient time elapse to bar the defendant after the Code of 1880 took effect, and before the bringing of this suit.

*Affirmed.*