Dan W. Webb, Grady F. Tollison, Jr., Oxford, Miss., for plaintiff-appellant.

William O. Luckett, Dan T. Bing, Clarksdale, Miss., for W.R. Grace & Co.

Marc A. Biggers, Greenwood, Miss., for Celotex.

Ralph Holland, Tupelo, Miss., for Staub.

Bill Waller, Bill Waller, Jr., Jackson, Miss., for Clark-Burt.

F.M. Bush, III, Thomas D. Murry, Tupelo, Miss., for Jesco.

W.P. Mitchell, Dennis W. Voge, Tupelo, Miss., for Abernathy-Clark.

**DEVILLE FURNITURE CO.,
Plaintiff-Appellant,**

v.

**JESCO, INC., et al.,
Defendants-Appellees.**

**No. 80–3995.**

United States Court of Appeals,
Fifth Circuit.

Feb. 7, 1983.

Before CLARK, Chief Judge, THORNBERRY and GARZA, Circuit Judges.

PER CURIAM:

We certified the following questions to the Mississippi Supreme Court, 423 So.2d 1337:

1. Is the ten-year limitation provision of Mississippi Code Ann., § 15–1–41 (Supp.1981), as amended subsequent to *M.T. Reed Construction Company v. Jackson Plating Company,* 220 So.2d 838 (Miss.1969), applicable so that DeVille's complaint was timely filed against all the defendants?

2. If § 15–1–41 of Mississippi Code Ann. (Supp.1981) is not applicable under the facts as presented, when did the applicable statute of limitations begin to run?

The Mississippi Supreme Court supplied the following answer to the first question: "[T]he ten-year limitation of section 15–1–41, as amended in 1972, subsequent to our decision in *M.T. Reed, supra,* is applicable, and DeVille's complaint was timely filed against all of the defendants." The Court's entire opinion is attached as Exhibit A.

The opinion of the district court, based substantially on language in *M.T. Reed Construction Company v. Jackson Plating Company,* 222 So.2d 838 (Miss.1969), sustained a motion for summary judgment by the defendants, dismissing the action as barred by the six-year statute of limitation, § 15–1–49, Miss.Code Ann. (1972). The answer of the Mississippi Supreme Court makes this ruling incorrect. The judgment of the district court is reversed and the cause is remanded for further proceedings.

REVERSED and REMANDED.

EXHIBIT A

IN THE SUPREME COURT OF MISSISSIPPI

NO. 53,932

DeVILLE FURNITURE CO.

V.

JESCO, INC., ET AL.

Before SUGG, ROY NOBLE LEE and DAN M. LEE, JJ.

SUGG, Presiding Justice, for the Court:

This case was certified by the United States Court of Appeals for the Fifth Circuit as authorized by Mississippi Supreme Court Rule 46. The agreed statement of facts as set forth in the per curiam opinion of the Fifth Circuit follow as Part I, and the questions certified with our response follow as Parts II and III.

PART I

On August 23, 1971, DeVille Furniture Company (DeVille) entered into an agreement with Jesco, Inc. (Jesco) to construct a furniture plant for DeVille in Pontotoc, Mississippi. On January 24, 1972, a second contract was entered into between Jesco and DeVille for construction of an addition to the plant. Jesco employed A.J. Staub, III, (Staub) an architect, to develop specifications for the design of the plant. The design and specifications for the original building and the addition called for the equivalent of a "Barrett's 20-year type" built up roof over poured roof deck. Jesco assumed responsibility for the design and engineering, as well as being the general contractor for the original building and the addition.

Clark-Burt Roofing Company (Clark-Burt), roofing subcontractor, Cooper-Weir, Inc. (Cooper-Weir) and Abernathy & Clark Sheet Metal & Roofing Works, Inc. (Abernathy & Clark) roof deck subcontractors, and The Celotex Corporation (Celotex) and W.R. Grace & Co. (Grace), material suppliers, were involved in the construction of or furnishing of materials for the roof of the DeVille plant under Jesco's general contract.

In a separate agreement, Clark-Burt Roofing Company issued a guarantee that the work would be free from defective materials and workmanship for three years from the date of acceptance.

On February 26, 1972, Staub, the architect, gave DeVille written notice of substantial completion of the structure. As early as February, 1972, DeVille became aware of a problem with regard to the leaking of water into the plant through the roof. The problem with leaks in the roof continued, and on February 2, 1974, there was considerable seepage of water through the roof in one area of the plant. DeVille attempted to repair or patch the roof over a period of time using its own maintenance personnel. In February of 1972, Ken W. Davis, an employee of DeVille questioned a Jesco representative on the site about leaks; therefore, DeVille was aware of leaks. Jesco's job foreman informed Mr. Davis that

there was no need to worry since the water dripping inside was caused by condensation.

DeVille contended that because of its reliance on Jesco's employee stating that the leaks were caused by condensation, it was unaware of the substantial, concealed deterioration of the roof until 1977–78. It was not until re-roofing was in progress in the summer of 1979 and gravel was removed from the old roof that it became apparent, according to DeVille, that the felt was exposed to weather, allowing water to seep through the roof. It was not known until then, according to DeVille, that double-coated felt was insufficient to provide a twenty-year type roof.

Clark-Burt was never notified on any problem with the roof prior to being served with process after the lawsuit was filed.

On January 4, 1979, six years and ten months after substantial completion and acceptance, DeVille commenced a diversity action by filing a complaint in the United States District Court for the Northern District of Mississippi, alleging that the general contractor, architect, roofing subcontractor and roof deck subcontractors had negligently designed and constructed and used and supplied improper materials in the construction of the roof on DeVille's plant. The primary complaint was that the roof was deficient in a number of respects, resulting in the leakage of water into the plant and necessitating eventual replacement of the roof. DeVille's complaint sought more than $300,000 to compensate DeVille for replacing the roof and for damage allegedly sustained by certain property inside the plant. The material suppliers were subsequently joined as third party defendants in this action.

On November 7, 1980, based substantially on language in *M.T. Reed Construction Company v. Jackson Plating Company,* 222 So.2d 838 (Miss.1969), the court in a bench opinion sustained a motion for summary judgment by the defendants, dismissing the action as barred by the six-year statute of limitations, § 15–1–49, Miss.Code Ann. (1972).

DeVille has prosecuted an appeal to the United States Court of Appeals for the Fifth Circuit, contending, *inter alia,* that the six-year statute applied by the district court is not applicable to its cause of action, but rather that § 15–1–41 Miss.Code Ann. (Supp.1981), provides the appropriate statute of limitation.

## PART II

The first question presented for decision is whether the ten year limitation provision of Mississippi Code Annotated section 15–1–41 (Supp.1981), as amended subsequent to *M.T. Reed Construction Company v. Jackson Plating Company,* 222 So.2d 838 (Miss. 1969) is applicable so that DeVille's complaint was timely filed against all the defendants.

Before answering the question certified by the Fifth Circuit, the historical background [1] of the abolition of the doctrine of "privity of contract" [2] should be noted. Architects, builders, and suppliers engaged in the design and construction of structures on real property mounted an offense in recent years against expanded liability thrust upon them as an indirect result of the decision in *MacPherson v. Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916). Before that time, courts had denied recovery to a third party against architects, builders, and other persons involved in the design and supervision of the construction of such structures for injuries sustained as a result of any defective or unsafe conditions in such structures. The denial was based on the privity of contract doctrine. However, in *Inman v. Binghamton Housing Authority,* 3 N.Y.2d

---

**1.** 93 A.L.R.3rd 1245 et seq. gives an excellent summary of the historical setting leading up to the adoption of statutes of limitation commonly called "Architect's Statutes."

**2.** "Privity of contract" as to manufactured chattels was abolished in Mississippi July 6, 1966 in *State Stove Manufacturing Company v. Hodges,* 189 So.2d 113 (Miss.1966). However, in food and beverage cases recovery had been permitted on the theory of "implied warranty" for many years. *Coca-Cola Bottling Works v. Lyons,* 145 Miss. 876, 111 So. 305 (1927).

137, 164 N.Y.S.2d 699, 143 N.E.2d 895, 59 A.L.R. 1072 (1957), the "no privity of contract"[3] defense of an architect was found untenable. This gave rise to architects and builders being held liable in some states to parties who were injured as a result of defective or unsafe conditions in structures designed and erected by them. The expanded liability of architects and engineers to third parties was compounded by the fact that statutes of limitation afforded little or no protection because the limitation commenced on the date of the injury notwithstanding the fact that such injury might have occurred many years after the structure was completed and occupied by the owner.

The application of the "discovery" or "know or ought to know"[4] rule as to when an owner's claim against an architect or builder accrues compounded the potential liability of architects and builders. In this historical setting, architects and builders began to lobby for the adoption of statutes of limitation to ameliorate what they perceived to be an intolerable situation. During the two year period between 1965–1967, thirty states adopted, in one form or another, statutes similar to section 15–1–41. See Comment, *Recent Statutory Developments Concerning Limitations of Actions Against Architects, Engineers and Builders*, 60 Ky. Law Journal 462 (1971).

In the light of this historical background, the Mississippi Legislature enacted Chapter 397 Mississippi General Laws of 1966 to fix a time within which actions could be brought against architects, builders and others arising out of any *patent* deficiency in the design or construction of a structure on real property. The statute was approved on June 15, 1966 before our decision in *State Stove, supra,* footnote 2, and ap-

pears as section 15–1–41 Mississippi Code Annotated (1972).[5] Chapter 397 provided:

*AN ACT to limit the time within which actions may be brought for patent deficiencies in design, planning, inspection, supervision or construction of improvements to immovable property or for property damage, personal injury or wrongful death arising from such deficiency.*

*Be it enacted by the Legislature of the State of Mississippi:*

Section 1. No action to recover damages for injury to property, real or personal, or for an injury to the person, or for bodily injury or wrongful death, *arising out of any patent deficiency* in the design, planning, supervision or observation of construction, or construction of an improvement to real property, nor any action for contribution or indemnity for damages sustained on account of such injury except by prior written agreement to the contrary, may be brought against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more than ten (10) years after the written acceptance of such construction by the owner pursuant to the performance or furnishing of such services and construction. This limitation shall not apply to any person, firm or corporation in actual possession and control as owner, tenant or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the damages or injury for which it is proposed to bring an action as heretofore controlled by other statute or the laws of Mississippi regarding tort or negligence actions.

---

3. The Legislature abolished "privity" as a requirement in actions for personal injury, property damage, or economic loss arising out of negligence, strict liability, or breach of warranty, including actions under the Uniform Commercial Code, by Section 11–7–20 Mississippi Code Annotated (1982 Supp.). The effective date of the statute was April 27, 1976.

4. The "discovery" rule was rejected in 1969 for the first time in actions against builders and architects in *M.T. Reed Construction Co. v. Jackson Plating Co., supra.*

5. In *Anderson v. Wagner,* 402 So.2d 320 (Miss. 1981) we held the statute was constitutional and affirmed the action of the trial court in holding a suit by a third party was barred by the statute.

Section 2. This act shall take effect and be in force from and after its passage.

After the statute was adopted, we decided *M.T. Reed Construction Co. v. Jackson Plating Co.,* 222 So.2d 838 (Miss.1969). In that case appellee sued appellant and its employee, John S. Winbigler, to recover damages on the ground of negligence of appellants in the selection and installation of a material known as Tectum in the roof deck of appellee's building. In 1960, the parties entered into a contract for the construction of a building by appellants for the plating operation of appellee. The building was completed and accepted in June, 1961. By late summer of 1966, the Tectum disintegrated because of high humidity and acid fumes incident to the operation of appellee's business and the interior portion of the roof began to fall apart. When appellee filed its suit in December, 1967, the roof deck had deteriorated to the point that the roof required replacement.

The declaration was filed within six years after appellee discovered the roof deck had failed, but more than six years after acceptance of the building. A judgment was entered in favor of appellee for $8,452. On appeal, we reversed and held that the action accrued when the building was accepted by appellee in June, 1961 and that the action was barred by the six year statute of limitations.[6]

Therefore, since there was no allegation of fraudulent concealment and since the Mississippi decisions and statute of limitation do not justify the adoption of the "know or ought to know" rule, we conclude that the trial court erred and that the case must be reversed because the action was barred by the six year statute of limitation, Mississippi Code 1942 Annotated section 722 (1956), which is applicable to this case. The judgment is therefore reversed and judgment is entered here for the appellants. (222 So.2d at 841)

**6.** § 15–1–49. *Limitations applicable to actions not otherwise specifically provided for.*

All actions for which no other period of limitation is prescribed shall be commenced within

With reference to section 15–1–41, then section 720.5, the Court stated:

Insofar as the determination of the issues of negligence in this case is concerned, it is to be noted that we are not confronted with the issue in futuro of personal injury which has been sustained by management, employees or the public nor are we concerned with the issue of damage to property other than to the roof and its construction, which lacking elements the legislature considered in the enactment of Mississippi Code 1942 Annotated section 720.5 (Supp.1968) and which statute, though all embracing, does not have application here. (222 So.2d at 839, 840)

No reason was given for holding that section 15–1–41 had no application, but obviously, the reason for the holding was that the suit involved a latent deficiency rather than a patent deficiency. Section 15–1–41, as originally enacted, applied only to patent deficiencies in the design and construction of improvements to real property and did not apply to latent deficiencies in design and construction.

Following the decision in *M.T. Reed, supra,* the legislature amended section 15–1–41 in 1972 to read as follows:

No action may be brought to recover damages for injury to property, real or personal, or for an injury to the person, *arising out of any deficiency in the design,* planning, supervision or observation of construction, or construction of an improvement to real property, and no action may be brought for contribution or indemnity for damages sustained on account of such injury except by prior written agreement providing for such contribution or indemnity, against any person, firm or corporation performing or furnishing the design, planning, supervision of construction or construction of such improvement to real property more

six years next after the cause of such action accrued, and not after.

than ten (10) years after the written acceptance or actual occupancy or use, whichever occurs first, of such improvement by the owner thereof.

This limitation shall not apply to any person, firm or corporation in actual possession and control as owner, tenant or otherwise of the improvement at the time the defective and unsafe condition of such improvement causes injury.

This limitation shall not apply to actions for wrongful death.

The provisions of this section shall apply to causes of action accruing prior to June 1, 1972, but shall not revive any cause of action barred under existing law as of that date.

The 1972 amendment changed the application of the statute from actions "arising out of any patent deficiency" to actions "arising out of any deficiency" in the design and construction of improvements to real property. The statute, as amended, is plain and unambiguous and applies whether the alleged deficiencies are patent or latent. The amendment supplants our construction of the original statute in *M.T. Reed, supra.*

Therefore, our answer to the first question is that the ten year limitation of section 15–1–41, as amended in 1972, subsequent to our decision in *M.T. Reed, supra,* is applicable, and that DeVille's complaint was timely filed against all of the defendants.

### PART III

The second question is:

In the alternative, if § 15–1–41 of Miss. Code, Ann. (Supp.1981) is not applicable under the facts as presented, when did the applicable statute of limitations begin to run?

It is not necessary to answer the second question because we have held that section 15–1–41 Mississippi Code Annotated (Supp. 1982) is applicable under the facts of this case.

It is therefore ordered that this opinion be certified by the Clerk of this Court to the Clerk of the Court of Appeals for the Fifth Circuit as this Court's answer to the certification request.

PATTERSON, C.J., WALKER, P.J., and BROOM, ROY NOBLE LEE, BOWLING, HAWKINS, DAN M. LEE and PRATHER, JJ., concur.