## In re REINFORCED EARTH, CO., and Others—LA Colina and Oasis Gardens Litigation.

### Civ. No. 93–1874 (DRD).

United States District Court,
D. Puerto Rico.

June 5, 1995.

Harvey B. Nachman, Nachman, Santiago, Bray, Guillemard & Carrion, Santurce, PR, for plaintiffs Carmelo Lartigue–Henriquez et al.

Eric Perez–Ochoa, Martinez, Odell & Calabria, San Juan, PR, for plaintiffs Fredrick Newman et al.

Francisco Cobian–Guzman, Cobian & Valls, San Juan, PR, Armando Lasa–Ferrer, Hato Rey, PR, Jennifer W. Fletcher, Harry Griffin Jr., Griffin, Cochrane & Marshall, Atlanta, GA, Maria B. Maldonado–Malfregeot, Lasa, Monroig & Veve, San Juan, PR, for defendant Reinforced Earth Co.

Francisco Cobian–Guzman, Cobian & Valls, San Juan, PR, Armando Lasa–Ferrer, Hato Rey, PR, for defendant Transp. Ins.

Amancio Arias–Guardiola, San Juan, PR, for third-party defendant Leonel Fernandez.

Enrique Peral–Soler, Munoz, Boneta, Gonzalez, Arbona, Benitez & Peral, Hato Rey, PR, for third-party defendants Jose Blanco–Garrido et al.

Armando Lasa–Ferrer, Hato Rey, PR, for Lexington Ins. Co.

Francisco Cobian–Guzman, Cobian & Valls, San Juan, PR, for defendant and third-party plaintiff Transp. Ins.

Miguel M. Limeres–Grau, Parra, Del Valle, Frau & Limeres, Ponce, PR, Alvaro R. Calderon–Jr., Hato Rey, PR, for third-party defendants Metro Developers Inc. et al.

Edmundo Vazquez–Otero, Vazquez & Suarez, San Juan, PR, for third-party defendants Ten Gen. Contractors Inc., and Manuel E. Net–Velazquez.

Jose E. Otero–Matos, Irizarri & Otero, San Juan, PR, Jorge Luis Ruiz–Rivera, San Juan, PR, for third-party defendant CIDRA Excavation Inc.

Ruy V. Diaz–Diaz, San Juan, PR, for third-party defendants Soil Tech Corp., and Israel Rodriguez.

Angel R. De–Corral–Julia, Ruy V. Diaz–Diaz, San Juan, PR, for Hector Laverge–Ramirez.

Richard A. Lee, Richard A. Lee Law Offices, San Juan, PR, for third-party defendants Lebron & Asociados et al.

Eileen Morales–Ramirez, Garcia & Fernandez Law Offices, Hato Rey, PR, for third-party defendants Alejandro Soto, and Geo Consult.

Alejandro Soto, Santurce, PR, pro se.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Before the court is Third Party Defendant, Alejandro Soto's unopposed motion for summary judgement, filed on January 13, 1995, docket 99.

Summary judgement is appropriate when the record documents that possess evidentiary force "show that there is no genuine issue as to any material fact and the moving party is entitled to judgement as a matter of law." Fed.R.Civ.P. 56(c). See *Eileen M. Mc Carthy v. Northwest Airlines, Inc.,* 56 F.3d 313, 315 (1st Cir.1995), citing *Coyne v. Taber Partners I,* 53 F.3d 454, 457 (1st Cir.1995). Consistent with the summary judgement standard, we view the material facts in a light most flattering to the nonmoving party and must indulge all inferences in favor of that party. See *LeBlanc v. Great American Insurance,* 6 F.3d 836, 841 (1st Cir.1993) cert. denied —— U.S. ——, 114 S.Ct. 1398,

128 L.Ed.2d 72 (1994); *Richard A. Mottolo and Service Pumping and Drain Co., Inc. v. Fireman's Fund Insurance Co., et. al.,* 43 F.3d 723, 725 (1st Cir., 1995); *Lydia Libertad, et. al. v. Patrick Welch, et. al.,* 53 F.3d 428 (1st Cir.1995).[1]

"Once a properly documented motion has engaged the gears of Rule 56, the party to whom the motion is directed can shut down the machinery only by showing that a trial worthy issue exists." See *Eileen M. Mc Carthy,* Id. at 315, *citing National Amusements,* 43 F.3d at 735.

■ Third Party Plaintiffs have failed to oppose Alejandro Soto's motion for summary judgement. Hence, the Court shall accept as true the material facts proposed by the moving party with proper support in the record. See *Corporacion Insular de Seguros v. Reyes–Muñoz,* 849 F.Supp. 126, 132 (D. Puerto Rico 1994), quoting *Jaroma v. Massey,* 873 F.2d 17, 21 (1st Cir.1989); U.S.Dist. Ct.Rules D.P.R.Rule 311.12.

## FACTUAL BACKGROUND

Plaintiffs[2] have brought this action against The ·Reinforced Earth Co., (hereinafter referred to as "RECO"[3]), and Lexington Insurance Co., (hereinafter referred to as "Lexington"), for the alleged damages suffered by the residents of Oasis Gardens Urbanization and Extension La Colina in Guaynabo[4], as a result of the alleged defects in the design, manufacture, installation and/or implementation of an earth retention wall[5] (hereinafter referred to as REW) built by RECO in the La Colina Development, "The Project", in Guaynabo, Puerto Rico. RECO and Lexington filed a Master Third–Party Complaint, dated February 10, 1994 (docket 68), wherein Alejandro Soto was included as a co-defendant, for his "alleged negligence in the exercise of his duties as prescribed by his profession and the agreement, to provide specific services in the development of La Colina Project."[6]

Third Party Plaintiffs claim that "Soto is liable pursuant to the doctrine of implied indemnity." (See docket 68, p. 17). Third Party Plaintiffs further contend that any liability assigned to them "will have been proximately caused by the breach of Mr. Soto's duty to give opinions comporting with that standard of care governing engineering professionals in the United States." (See docket 68, pp. 16–17)

## DISCUSSION

Third Party Defendant, Alejandro Soto has filed a motion for summary judgment (docket 99) alleging that he cannot be held liable to Third Party Plaintiffs under any of the theo-

---

1. The intricacies and general standards of Rule 56, have been documented by the First Circuit Court in a "cascade of cases". See *Coyne v. Taber Partners,* supra; *National Amusements, Inc. v. Town of Dedham,* 43 F.3d 731, 735 (1st Cir.1995), *cert. denied* — U.S. ——, 115 S.Ct. 2247, 132 L.Ed.2d 255 (1995); *Pagano v. Frank,* 983 F.2d 343, 347 (1st Cir.1993); *Wynne v. Tufts University School of Medicine,* 976 F.2d 791, 794 (1st Cir.1992), *cert. denied,* — U.S. ——, 113 S.Ct. 1845, 123 L.Ed.2d 470 (1993); *United States v. One Parcel of Real Property (Great Harbor Neck, New Shoreham, R.I.),* 960 F.2d 200, 204 (1st Cir.1992); *Rivera–Muriente v. Agosto–Alicea,* 959 F.2d 349, 351–52 (1st Cir.1992); *Griggs–Ryan v. Smith,* 904 F.2d 112, 115–16 (1st Cir.1990); *Medina–Munoz v. R.J. Reynolds Tobacco Co.,* 896 F.2d 5, 7–8 (1st Cir.1990); *Garside v. Osco Drug, Inc.,* 895 F.2d 46, 48–49 (1st Cir.1990).

2. Plaintiffs are the home owners and residents of Oasis Gardens Urbanization and Extension La Colina in Guaynabo, Puerto Rico.

3. The earth retention wall "REW" on the side slope was designed, produced and/or manufactured with products made by RECO. Other parties were contracted to carry out other tasks, including the installation of the retention wall.

4. La Colina is a development of private homes built on an elevated area of land which borders Oasis Gardens Urbanization. These developments are separated by a side slope.

5. It is alleged .that the earth retention wall collapsed on July 20, 1992.

6. Third party Plaintiffs allege that "Mr. Soto is a professional engineer and geological consultant, engaged in the business of providing engineering opinions to others." They further allege that Mr. Soto performed a geological evaluation of the La Colina Project, in June of 1991, and informed that in his professional opinion, the project was not susceptible to the type of retaining wall failure that is alleged to have occurred in July of 1992. (See Master Third Party Complaint, docket 68, p. 16)

ries alleged in the Third Party Complaint[7]. Soto maintains that he was consulted by Jose Fidalgo, through Soil Tech[8], regarding the geologic character of the earth that underlies the REW, after it was constructed, and that the scope of work did not require field testing, topographic reviews, soil testing, or soundness and integrity of the REW, since that work was already performed by other parties.

Because in the instant case there are no genuine issues of material fact, what remains to be decided are questions of law.[9] The initial issues to be decided by the court are whether Alejandro Soto was negligent in the performance of his services and is therefore, liable to RECO under the theory of negligence; and whether Soto is liable under the theory of implied warranty.

In our jurisdiction the right to recover damages, is governed by Civil Law provisions.[10] The general source of law governing liability for negligence is Art. 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5141.[11] Hence, we shall veer to Puerto Rico Law and the applicable civil doctrine in solving the remaining pending matters.

## I—Was Alejandro Soto negligent in the performance of his services, and hence, liable to RECO under the theory of negligence?

Negligence has been defined by the Commonwealth Courts as the failure to exercise due diligence to avoid foreseeable risks. See *Jimenez v. Peregrina*, 112 D.P.R. 700 (1982).

 RECO states that Alejandro Soto was negligent in the exercise of his duty to provide an accurate opinion as to the possibility of the failure of the retaining wall and for failing to give opinions as required under the "standard of care governing engineering professionals in the United States." (See docket 68, p. 17) The court disagrees. To recover on a theory of negligence Third Party Plaintiffs must show that negligent acts or omissions of Alejandro Soto caused them injuries.[12]

It remains an uncontested fact that Alejandro Soto was consulted by Jose Fidalgo, through Soil Tech, after the REW was built and only to provide an opinion as to the geological character of the earth that underlined the REW[13]. Alejandro Soto **is not an engineer** and did not provide an opinion regarding the stability of the REW as con-

---

7. Alejandro Soto alleges that he cannot be held liable since: i) He provided his services as contracted and was not negligent in providing them; ii) Alejandro Soto was not contracted to undertake soil tests or field tests and specifically stated that he could not attest to the soundness and integrity of the reinforced earth wall; iii) Alejandro Soto cannot be held liable to Third Party Plaintiffs under the theory of implied warranty. (See Motion for Summary Judgement, docket 99).

8. Third Party Defendant, Soil Tech, was contracted by RECO to undertake the studies of the conditions of the soil and subsoil.

9. In order for a court to grant summary judgement, the only issues to be decided by such a motion are issues of law. 10A Charles A. Wright, Arthur R. Miller, and Mary Kay Kane *Federal Practice and Procedure*: Civil 2d § 2725. See *Eileen M. Mc Carthy v. Northwest Airlines, Inc.*, supra.

10. The applicable law defining the standard of fault and recovery is the law of The Commonwealth of Puerto Rico. See *Rivera Morales v. United States*, 642 F.Supp. 269 (D. Puerto Rico 1986), citing *Richards v. United States*, 369 U.S. 1, 15, 82 S.Ct. 585, 594, 7 L.Ed.2d 492 (1962);

*In Re N–500L Cases*, 691 F.2d 15, 27 (1st Cir. 1982).

11. See *Valle v. Amer. Inter. Ins. Co.*, 108 D.P.R. 692 (1979); *Gierbolini v. Employers Fire Ins. Co.*, 104 D.P.R. 853 (1976); *Santiago v. Group Brasil, Inc.*, 830 F.2d 413, 414 (1st Cir.1987), and *In re Dupont Fire Litigation*, 687 F.Supp. 716, 726 (D.P.R.1988).

12. In order for a negligence cause of action to succeed under Puerto Rican Law, a plaintiff must prove 1) The existence of real damages; 2) a causal link between the damages suffered and the act or omission and 3) the act or omission must be by fault or negligence. See *Bonilla v. Chardon*, 118 D.P.R. 599 (1987), and *Sociedad de Gananciales v. G. Padin*, 117 D.P.R. 94 (1987). See also *Tokio Marine & Fire Ins. Co. v. Grove MFC. Co.*, 958 F.2d 1169, 1171 (1st Cir.1992); *Coyne v. Taber Partners I*, supra.

13. Soto alleges that his opinion was based on the information provided to him by Soil Tech, including information on drill hole logs from several bearings. He further argues that the scope of his consultation **did not include such detailed evaluation or actual tests of the underlying material and slope.** (emphasis ours).

structed[14]. (emphasis ours) As a geologist, Soto claims to have expressed an opinion as to the composition of the earth underlying the REW.[15] That Soto was not involved, in any way whatsoever, in the design, construction, or inspection of the REW, remains an undisputed fact. Furthermore, Soto specifically stated that because he was not an engineer, he could not attest to the soundness and integrity of the REW itself, since such an opinion was not within the scope of the consultation. (See docket 99, p. 7) It also remains undisputed that Soto did not undertake studies of the soil and subsoil and was not required to do so. In fact, Soto alleges to have rendered his expert geological opinion after the REW was in place. Hence, he cannot be held liable for services performed or omissions by other professionals, who dealt with the design, testing, and construction of the REW. Hence, the Court cannot find Alejandro Soto liable[16] for the changes in the condition of the REW after the date his expert geological opinion was rendered, nor for the acts or omissions of those professionals who designed, tested and constructed the REW.

For the reasons stated hereinabove, the Court finds that Alejandro Soto was not negligent in the exercise or performance of his duties, and is therefore, not liable to RECO under the theory of negligence.

## II—Is Alejandro Soto liable under the theory of implied warranty?

■ The theory of implied warranty of liability evolved from the common law doctrine of product liability[17]. The Supreme Court of Puerto Rico adopted the doctrine of product liability from the common law in the case of *Mendoza v. Cerveceria Corona,* 97 D.P.R. 493 (1960).[18] Specifically, 31 L.P.R.A. § 5141 (1956) makes persons responsible for the damages caused by the damages caused by their negligence. Under this section the Supreme Court of Puerto Rico has developed a strict liability standard[19] for manufacturers of defective products.[20]

■ The Court agrees with Alejandro Soto's contention that the services he rendered are not a product (to which the theory of implied warranty would apply) but a service.[21] Furthermore, strict liability does not apply where a defendant was employed in an

**14.** Soto asserts that his evaluation was according to the information he had on hand and what could be seen on site without further studies or tests which were out of the scope of his consultation.

**15.** Soto maintains that while there was no evidence of unfavorably oriented joints, faults or bedding surfaces, along with slippage or landslides, could be facilitated, a detailed evaluation of the entire slope would be needed to detect an assess the potential impact on the stability.

**16.** A defendant is liable only if his/her negligence was the proximate cause of the damages, even if it is not the only cause, and it was foreseeable that said conduct could cause harm. See *Tokio Marine & Fire Ins. Co.,* 958 F.2d 1169, 1171 (1st Cir.1992); *Malave–Felix v. Volvo Car Corp.,* 946 F.2d 967 (1st Cir.1991), and *Richards v. United States,* 369 U.S. 1, 15, 82 S.Ct. 585, 594, 7 L.Ed.2d 492 (1962).

**17.** See *Deville Furniture Co. v. Jesco, Inc.,* 697 F.2d 609, 612 (5th Cir.1983), citing *Coca Cola v. Lyons,* 145 Miss. 876, 111 So. 305 (1927).

**18.** A manufacturer is liable in tort on a theory of strict liability when it places a product on the market, knowing that it is to be used without inspection for defects, and it has a defect that causes injuries. See *Montero Saldaña v. Ameri-*

can Motors Corp., 107 D.P.R. 452 (1978), and *Malave–Felix,* 946 F.2d 967, 971 (1st Cir.1991).

**19.** The Supreme Court of Puerto Rico has made clear that the Common Law of the United States is not controlling, when filling gaps in the Civil Law system. See *Valle,* 108 D.P.R. 692, 696–697 (1979). At the same time however, when faced with a lack of authority, it may be appropriate to search for relevant principles in the Common law system. *Id.* The Supreme Court has freely taken from Common Law decisions in developing the concept of strict liability. See *Mendoza,* 97 D.P.R. 499 (1969); *Montero Saldaña,* 107 D.P.R. 452 (1978).

**20.** See *Guevara v. Dorsey Laboratories, Div. of Sandoz,* 845 F.2d 364, 365 (1st Cir.1988). Manufactures are held responsible, regardless of fault, when a defective product they produce causes a harm.

**21.** "A general construction contract, such as a contract encompassing the erection of buildings or the installation of utilities and services, with extensive excavation or demolition, normally has as its primary thrust the rendition of services rather than the sale of goods." See *American Law of Products Liability,* 3d, Vol. 3, § 37.10, pp. 24–25.

advisory capacity, and did not participate in the project.[22] The Court further finds that Alejandro Soto was not directly or indirectly involved with the final product (i.e. the wall) so as to have the doctrine of implied warranty apply to him. Because Alejandro Soto was not directly involved in the manufacture of the wall, he cannot be held responsible for "implicitly guaranteeing the wholesomeness of the product", or anything involving the product under an implied warranty doctrine.

### CONCLUSION

■ Summary judgement motions must be decided on the record as it stands, not on litigants' visions of what the facts might someday reveal. "[B]rash conjectures coupled with earnest hope that something concrete will eventually materialize, is insufficient to block summary judgement." See *Dow v. United Brotherhood of Carpenters*, 1 F.3d 56, 58 (1st Cir.1993).

Accordingly, The Court, upon due deliberation, having found that there are no genuine issues of material fact, and that RECO fails to state a cognizable claim against Alejandro Soto, hereby **grants** Third Party Defendant, Alejandro Soto's, motion for summary judgement.

**WHEREFORE,** the Court hereby **dismisses with prejudice** Third Party Plaintiffs' negligence claims as against Alejandro Soto.

**IT IS SO ORDERED.**

### PARTIAL JUDGEMENT

The Court having granted on this date the motion for summary judgement filed by Alejandro Soto, and there being no just cause for delay, partial judgement is hereby entered dismissing Defendants' Third Party Claim against Alejandro Soto.

IT IS SO ORDERED.

---

**22.** See *Lenoir v. C.O. Porter Mach. Co.*, 672 F.2d 1240 (5th Cir.1982). See also *Swett v. Gribaldo Jones & Assoc.*, 40 Cal.App.3d 573, 115 Cal.Rptr. 99 (1974) (California Courts have refused to extend strict tort liability to a supplier of engineer-ing services); *Gagne v. Bertran*, 43 Cal.2d 481, 275 P.2d 15, 21 (1954) (a professional engineer is usually not liable in the absence of negligence or intentional misconduct).