955 So.2d 859 (2005)
Shermeker POLLARD and Trellvion Gaines, a Minor, by and Through His Natural Mother, Legal Guardian, and Next Friend, Shermeker Pollard, Appellants
v.
SHERWIN-WILLIAMS COMPANY, Appellee.
No. 2003-CA-02030-COA.
Court of Appeals of Mississippi.
September 6, 2005.
Rehearing Denied April 18, 2006.
*860 Kimberly A. Courtney, Timothy W. Porter, Patrick C. Malouf, Ridgeland, attorneys for appellants.
Kathy K. Smith, John G. Corlew, Jackson, Paul M. Pohl, Richard H. Deane, Jr., attorneys for appellee.
Before BRIDGES, P.J., CHANDLER, and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. The minor plaintiff and his mother filed suit alleging that the child had been injured by ingesting the defendant manufacturer's lead-based paint. The trial court granted summary judgment in favor of the defendant. Finding no error as to the statute of limitations issue, we affirm.

STATEMENT OF FACTS
¶ 2. This appeal involves injuries allegedly caused by exposure to lead-based paint in a house built in the early 1930s in Fayette, Mississippi. By the early to mid-1970s, the house was occupied by Johnny Crawford (Crawford) and Doris Gaines (Gaines). The plaintiff, Shermeker Pollard (Pollard), was living in the house in 1991 when she gave birth to her son, the minor plaintiff, Trellvion Gaines[1] (Trellvion). Pollard and Trellvion continued to live in the house until it was destroyed by fire in 1994.
¶ 3. The house was allegedly painted by Gaines and a local house painter on four separate occasion between 1974 and 1994. As a result, Pollard filed an initial complaint against Sherwin-Williams in November 2000, on her own behalf, and on behalf of her minor child, Trellvion. Pollard and Trellvion subsequently filed two amended complaints which alleged that Sherwin-Williams was liable for damages caused by exposure to lead-based paint. Pollard and Trellvion's second amended complaint alleged that Trellvion was exposed to lead dust, chips, and other debris which resulted from the sanding, scraping, and other removal of lead paint from the house which occurred based on the required procedure for application of Sherwin-Williams's non-lead-based paint. The complaint further alleged that Pollard suffered mental anguish in addition to the expense of medical treatment for her son. Pollard and Trellvion alleged that Sherwin-Williams was liable under theories of strict liability, negligence, and fraudulent concealment and misrepresentation.
¶ 4. The parties subsequently agreed to the appointment of a special master, who concluded that Sherwin-Williams's motion for summary judgment should be granted. The circuit court adopted the special master's report and recommendations, and granted summary judgment in favor of Sherwin-Williams. Pollard and Trellvion's motion to reconsider was denied, and in June 2003, the circuit court entered an order of dismissal with prejudice against Pollard and Trellvion.
¶ 5. Aggrieved by the trial court's ruling, Pollard and Trellvion appeal asserting the following: (1) whether the trial court erred in granting Sherwin-Williams's motion for summary judgment; (2) whether the trial court erred in finding that Sherwin-Williams owed no duty to warn under Mississippi law of the dangers associated with surface preparation on its non-lead-based paint cans when it was foreseeable that lead paint may be scraped off in preparation for applying non-lead-based paint; (3) whether the trial court erred in finding that state common law was preempted by the Federal Hazardous Substance Act; (4) whether the trial court erred in finding *861 that Sherwin-Williams's lead-based paint was not defectively designed; and (5) whether the trial court erred in finding that Pollard and Trellvion's claims were barred by the statute of limitations.

ISSUES AND ANALYSIS
I. Whether the trial court erred in finding that the claims were barred by the statute of limitations.
¶ 6. We begin our discussion by addressing the threshold issue of the statute of limitations. When analyzing a statute of limitations issue, the initial determination must resolve the question of when the cause of action accrued, for it is at the moment of accrual that the clock begins to run on the statute of limitations.
¶ 7. Pollard and Trellvion argue that the trial court erred in finding that their claims were barred by the statute of limitations. Pollard and Trellvion assert that although they learned in 1993 that Trellvion had tested positive for excessive exposure to lead, they were not aware that Trellvion had been injured until Pollard was told of the causal connection by their expert witness, Dr. Litsky, in January 2003. Pollard and Trellvion argue that the issue of whether the statute of limitations was a bar to their claims was a question for the jury to determine. See Schiro v. American Tobacco Co., 611 So.2d 962 (Miss.1992); Owens-Illinois, Inc. v. Edwards, 573 So.2d 704 (Miss.1990); Cannon v. Mid-South X-Ray Co., 738 So.2d 274 (Miss.Ct.App.1999).
¶ 8. Sherwin-Williams maintains that Pollard and Trellvion's claims were barred pursuant to Miss.Code Ann. §§ 15-1-49(1) and (2) (Rev.2003). Sherwin-Williams argues that Pollard was aware of Trellvion's injury when he was diagnosed with excessive exposure to lead in 1993. Specifically, Sherwin-Williams asserts that Pollard was aware of Trellvion's excessive exposure to lead in 1993 and that she was aware in 1994 that it was allegedly caused by ingesting lead-based paint when she was told this fact by her mother. Sherwin-Williams maintains that Pollard and Trellvion's claims accrued no later than 1994 and that the statute of limitations expired by 1997; this was more than three years before these claims were filed on November 28, 2000. Sherwin-Williams further asserts that knowledge of the cause of an injury is not needed to trigger the statute of limitations; rather, a claim accrues upon knowledge of the injury or disease. Edwards, 573 So.2d at 709.
¶ 9. Before proceeding with our analysis, we pause to address the standard of review. A motion for summary judgment should only be granted when there are no genuine issues of material fact. M.R.C.P. 56(c). This Court reviews de novo a trial court's decision to grant a motion for summary judgment. Crain v. Cleveland Lodge 1532, Order of Moose, Inc., 641 So.2d 1186, 1188 (Miss.1994). All evidentiary matters are viewed in the light most favorable to the non-movant. Morgan v. City of Ruleville, 627 So.2d 275, 277 (Miss.1993). In other words, accepting the facts offered by Pollard and Trellvion as true, the record must show that there is no genuine issue of material fact concerning the question of when Pollard and Trellvion's claims accrued.
¶ 10. We agree that §§ 15-1-49(1) and (2) apply as to these claims.[2] Section 15-1-49(1) *862 states that "[a]ll actions for which no period of limitation is prescribed shall be commenced within three . . . years next after the cause of such action accrued, and not after." Furthermore, § 15-1-49(2) states that "[i]n all actions . . . which involve latent injury or disease, the cause of action does not accrue until the plaintiff has discovered, or by reasonable diligence should have discovered, the injury."
¶ 11. Additionally, the Mississippi Supreme Court has specifically held that the discovery rule exists in cases of a negligence or products liability cause of action involving latent injury and that "the cause of action accrues and the limitations period begins to run when the plaintiff can reasonably be held to have knowledge of the injury or disease." Edwards, 573 So.2d at 709. The Edwards decision clearly established an objective standard of reasonable knowledge for determining when these types of causes of action accrue.
¶ 12. We acknowledge at the outset that Pollard and Trellvion are correct in their assertion that the issue of whether a suit is barred by the statute of limitations may be a question of fact for the jury. However, we are also mindful that the Mississippi Supreme Court has held that "as with other putative fact questions, the [statute of limitations] question may be taken away from the jury if reasonable minds could not differ as to the conclusion." Smith v. Sanders, 485 So.2d 1051, 1053 (Miss.1986).
¶ 13. Therefore, based on Smith and Edwards, this Court must determine whether there is a genuine issue of material fact as to when Pollard had reasonable knowledge of Trellvion's injury, i.e., when the cause of action accrued. Toward this end, our review reveals several pertinent facts taken from the record depositions: from Trellvion's birth in 1991 until 1993, Pollard's mother, Doris Gaines, watched Trellvion while Pollard attended high school; on several occasions, Doris Gaines applied paint to the interior of the house where Pollard and Trellvion were living; Doris Gaines stated that she always requested lead-based paint when she purchased paint, and that as far as she knew, the paint she bought and applied to the house was lead-based paint; Doris Gaines stated that she saw Trellvion eating paint chips which had been scraped off of the interior surface of the house in preparation for applying new paint; Trellvion had a high fever on a particular day in 1993 and was examined by a physician, Dr. David Timm; the physician ordered blood tests and the laboratory results, dated September 16 and 21, 1993, indicated that Trellvion had excessive exposure to lead; within several days, Dr. Timm informed Pollard of the results; and finally, Pollard stated in her July 2001 deposition that after Trellvion was diagnosed with excessive exposure to lead, Doris Gaines told Pollard sometime before the house burned in 1994 that she used lead-based paint inside the house.
¶ 14. With these facts in mind, we pause to consider the case law Pollard and Trellvion offer in support of their argument: Cannon, Schiro, and Edwards. Cannon involved an x-ray technician who began working with various chemicals in 1975, and began experiencing a variety of health problems within six months of beginning her employment. Cannon, 738 So.2d at 275. These symptoms included: burning eyes, a burning sensation throughout her body, sinus problems, extreme nausea, and severe headaches. Id. These symptoms persisted for almost two decades, and despite multiple medical evaluations during these years, her doctors were unable to make a definitive diagnosis of her illnesses. Id. Finally, some eighteen years after Cannon first became sick, a physician reported that exposure to chemicals at her workplace was a major cause of *863 her health problems. Id. Cannon's employer argued that she should be charged with discovery of her injuries from the time she initially sought treatment for her illnesses between 1980 and 1990 or, in the alternative, that she should be charged with knowledge from the date in 1992 when she read an article about darkroom disease which discussed the connection between her illnesses and a toxic workplace. Cannon, 738 So.2d at 277. This Court concluded that based on the lack of a definitive diagnosis and because Cannon was not personally trained in toxicology, pharmacology, or radiology, she could not be reasonably expected to diagnose a disease on which the medical community had yet to reach an agreement. Id. Based on these conclusions, this Court ruled that a genuine issue of material fact existed as to the date of accrual of her cause of action, and that the circuit court's grant of summary judgment was improper. Id.
¶ 15. Despite Pollard and Trellvion's argument, we find that Cannon is factually distinguishable from the facts involved in this appeal. Cannon suffered from a variety of health problems and was unable to get a definitive diagnosis from her doctors for almost twenty years. In contrast, Trellvion had a fever and was seen by Dr. Timm the next day. Dr. Timm ordered blood tests, and within several days told Pollard that Trellvion had lead poisoning. Based on the record facts, Pollard knew categorically in 1993 that Trellvion had suffered excessive exposure to lead. Furthermore, Pollard stated in her depositions that sometime between this diagnosis in 1993 and when the house burned in 1994, Doris Gaines told Pollard that she had seen Trellvion eating what she believed was lead-based paint. As this Court stated in Cannon, the Mississippi Supreme Court "held in both Schiro and Edwards that the accrual date for a cause of action [arises] on the date the illnesses [are] diagnosed by a doctor." Cannon, 738 So.2d at 276 (citing Schiro, 611 So.2d at 965; Edwards, 573 So.2d at 709).
¶ 16. Viewing these evidentiary matters in the light most favorable to the nonmovants and accepting these facts which were offered by Pollard and Trellvion as true, we conclude that no genuine issue of material fact existed as to the statute of limitations question. In as much as these claims were filed in November 2000, we find that the circuit court was correct in granting summary judgment in favor of Sherwin-Williams based on the Mississippi Supreme Court's holding in Smith. Applying the objective standard of reasonable knowledge articulated by the Mississippi Supreme Court in Edwards, we conclude that Pollard and Trellvion's claims accrued no later than 1994, and based on § 15-1-49(1), we conclude that the statute of limitations on Pollard and Trellvion's claims expired no later than 1997. We find, therefore, that the circuit court appropriately dismissed Pollard and Trellvion's claims with prejudice.
¶ 17. Having found that summary judgment was appropriate as to the statute of limitations issue, we need not address Pollard and Trellvion's additional assignments of error.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF JEFFERSON COUNTY GRANTING SUMMARY JUDGMENT IN FAVOR OF SHERWIN-WILLIAMS COMPANY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. IRVING, J., NOT PARTICIPATING.
NOTES
[1] The record reflects that Trellvion Gaines's date of birth is June 21, 1991.
[2] We need not address the implications of the minor's tolling statute, Miss.Code Ann. § 15-1-59 (Rev.2003), since these claims were filed on behalf of the minor plaintiff by and through his natural mother, legal guardian, and next friend, and is, therefore, inapplicable to this appeal.