944 So.2d 75 (2006)
Jason W. FREEMAN, Appellant
v.
UNIVERSITY OF MISSISSIPPI MEDICAL CENTER, Appellee.
No. 2005-CA-00223-COA.
Court of Appeals of Mississippi.
April 25, 2006.
Rehearing Denied August 29, 2006.
Certiorari Denied December 7, 2006.
*76 Bill Waller, attorney for appellant.
Joseph L. McNamara, John Michael Coleman, attorneys for appellee.
Before KING, C.J., CHANDLER and ISHEE, JJ.
CHANDLER, J., for the Court.
¶ 1. On September 2, 2000, Jason Freeman was involved in a motor vehicle accident and was transported to the University of Mississippi Medical Center (UMMC) were he claims he sustained further injuries as a result of the UMMC staff's negligence. Freeman sent UMMC a notice of claim on September 19, 2002, and filed a complaint on January 14, 2003. UMMC filed a motion to dismiss claiming that the suit should be barred by the one year statute of limitations. The court granted the motion and Freeman now appeals, raising the following issues:
I. WHETHER THE DISCOVERY RULE APPLIES TO FREEMAN'S CLAIM
II. WHETHER THE COURT ERRED IN REFUSING FREEMAN'S MOTION TO AMEND HIS COMPLAINT
III. WHETHER THE COURT ERRED IN RULING THAT THE STATUTE OF LIMITATIONS BARRED FREEMAN'S COMPLAINT
IV. WHETHER THE COURT ERRED IN DENYING FREEMAN'S MOTION TO WITHDRAW OR AMEND HIS REQUEST FOR ADMISSIONS
V. WHETHER THE COURT ERRED IN STRIKING THE AFFIDAVITS SUBMITTED BY FREEMAN
¶ 2. Finding no error, we affirm.

FACTS
¶ 3. On September 2, 2000, Jason Freeman was involved in a car accident in which he received near fatal injuries. As a result, Freeman was transported to UMMC for treatment. After regaining consciousness, Freeman was advised by a treating physician that his spine was so injured that he would require surgery to regain use of his lower extremities or he would be required to remain bedridden for approximately six weeks. Freeman chose to remain bed ridden for six weeks believing that remaining bedridden would cure *77 the fractures to his spinal column. At that time, Freeman claims he had normal feelings in his lower extremities and his nervous system was normal.
¶ 4. Several days later, the exact date is unknown, an assistant to the nurses came into Freeman's room to perform routine care and change the bed linens. Freeman claims that the assistant abruptly grabbed the changing pad and without warning forcibly rolled Freeman over on his side causing excruciating pain. Freeman claims he became instantly paralyzed from the waist down.
¶ 5. Approximately two days after this event, on September 9, 2000, Freeman underwent surgery on his back. Freeman had an additional surgery on his back on September 12, 2000. On September 29, 2000, Freeman was discharged from UMMC and was instructed to undergo physical therapy treatments. Freeman claims that he was discharged prematurely because he did not have the financial resources to pay the charges required by the hospital.
¶ 6. Freeman alleges that he was repeatedly advised that he would regain the full use of his lower extremities with proper care and therapy. However, the paralysis persisted. On July 29, 2002, the treatment was completed and Freeman was totally and permanently disabled. Freeman claims it was at this time that he was first informed of the trauma induced while he was a patient at UMMC.
¶ 7. Freeman filed a statement of claim on September 19, 2002 and filed his complaint alleging medical negligence against UMMC on January 14, 2003. In his complaint, Freeman states that he was "advised on or about March 10, 2001, that all treatments and curative effort had been completed and his spinal cord injury and the related physical defects in his body could not be cured, and he was permanently and totally disabled." Therefore, UMMC alleges that Freeman should have known the full extent and cause of his injuries no later than March 10, 2001, and filed a motion to dismiss claiming that the suit should be barred by the one year statute of limitations. Freeman did not respond to the motion.
¶ 8. On August 4, 2003, at the hearing on the motion to dismiss, Freeman requested more time to respond and the court granted the request. On August 8, 2003, Freeman filed a response to the motion to dismiss which included several affidavits as well as untimely responses to UMMC's requests for admissions and interrogatories. Freeman also filed a motion for leave to file an amended complaint alleging that the original complaint contained a deficiency in that the original complaint stated the discovery date was March 10, 2001. Freeman claims this is misstatement and inadvertent error by counsel and the correct discovery date was July 29, 2002.
¶ 9. Thereafter, UMMC moved to strike the affidavits, have the requests for admissions deemed admitted and to strike the plaintiff's responses to interrogatories. The trial court held the requests for admissions should be admitted under Rule 36 of the Mississippi Rules of Civil Procedure. Additionally, the trial court denied Freeman's motion to amend the complaint stating that the motion "appears to have been with the intent to circumvent the effects of summary judgment."
¶ 10. On December 15, 2004, the court granted a motion for summary judgment under Rule 56 of the Mississippi Rules of Civil Procedure in favor of UMMC. The court held that the motion to dismiss under Rule 12(b)(6) was converted into a Rule 56 motion because the court considered evidence outside the pleadings. Nevertheless, the court held that Freeman's *78 claims "based upon medical negligence are barred by the applicable statute of limitations, therefore, there are no genuine issues of material fact and [UMMC] is entitled to judgment as a matter of law."

STANDARD OF REVIEW
¶ 11. A summary judgment should only be granted when the trial court finds that the plaintiff would be unable to prove any facts to support his claim. Delahoussaye v. Mary Mahoney's Inc., 696 So.2d 689, 690 (Miss.1997). This court reviews a motion for summary judgment de novo. Id. The lower court's decision will be reversed only if it appears that there are no remaining triable issues of fact, when the facts are viewed in the light most favorable to the nonmoving party. Robinson v. Singing River Hosp. Sys., 732 So.2d 204, 207(¶ 12) (Miss.1999).

LAW AND ANALYSIS
I. WHETHER THE DISCOVERY RULE APPLIES TO FREEMAN'S CLAIM
¶ 12. It is uncontested that the Mississippi Tort Claims Act controls this action because the alleged medical negligence occurred by an employee of UMMC. The applicable statute of limitations under Mississippi Code Annotated section 11-46-11(3) (Rev.2002) provides that "[a]ll action brought under the provisions of this chapter shall be commenced within one (1) year after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based." The original complaint alleged that the accident occurred on September 2, 2000, and several days later the alleged medical negligence occurred. The surgery to stabilize Freeman's spine was on September 9, 2000. Therefore, the date of the alleged tortious act would be sometime between September 2, 2000, and September 9, 2000, and the statute of limitations would run one year from that date.
¶ 13. Freeman filed his statement of claim on September 19, 2002, more than two years after the alleged tortious act. Freeman did not file his complaint until January 14, 2003. In the original complaint, Freeman alleged that he did not discover his injury until March 10, 2001. Under the discovery rule, Freeman contends that the claim does not arise under the statute until the cause of action is discovered. UMMC contends that the discovery rule does not apply because the injury to Freeman was not latent and, therefore, the statute of limitations ran between September 2, 2001, and September 9, 2001.
¶ 14. The trial court did not specifically address whether or not Freeman sustained a latent injury. The trial court stated "based upon the Plaintiff's Complaint, the date on which the Plaintiff can reasonably be said to have had knowledge of the injury itself, the cause of the injury and the causative relationship between the injury and the conduct of UMC was March 10, 2001." The trial court found that the claim was barred by the statute of limitations even if the discovery rule was applied, based on the date stated in Freeman's original complaint.
¶ 15. This Court must determine whether the discovery rule applied. The Mississippi Supreme Court has held that the discovery rule can apply to Tort Claims Act actions. Robinson, 732 So.2d at 207(¶ 16). The discovery rule provides an exception to the statute of limitations. The statute of limitations does not begin to run for people who do not know of their injury until they "can reasonably be held to have knowledge of the injury or disease." Owens-Illinois, Inc. v. Edwards, 573 So.2d 704, 709 (Miss.1990). However, the injury must be a latent injury for the *79 discovery rule to apply. Chamberlin v. City of Hernando, 716 So.2d 596, 60(¶ 18) (Miss.1998). Therefore, this Court must determine whether Freeman's injury was latent in order to determine the applicable date the claim arose.
¶ 16. A latent injury is an injury in which the "plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiscoverable nature of the wrongdoing in question . . . [or] when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act." Staheli v. Smith, 548 So.2d 1299, 1303 (Miss.1989). Consider Freeman's version of the alleged tortious act:
[A]n assistant to the nurses on duty came into the Appellant's room to perform routine care, including the changing of his bed linens. When this aid [sic] arrived in the room, the Appellant was lying flat on his back and the aid [sic] suddenly grabbed the changing pad, and without warning forcibly rolled the Appellant over on his left side in a rather jerking and violent manner causing immediate excruciating pain in his back and forced the Appellant to brace himself against the side rail of the bed. These abrupt acts were carried out without notice or warning and in addition to unbearable pain, be [sic] became instantly paralyzed from the waist downward.
It is not unrealistic to expect that Freeman could have perceived the injury at the time of the wrongful act. We hold that there was not a latent injury in this case. Therefore, the action is time barred because the statute of limitations ran between September 2, 2001, and September 9, 2001.
II. WHETHER THE COURT ERRED IN REFUSING FREEMAN'S MOTION TO AMEND HIS COMPLAINT
¶ 17. The trial court denied Freeman's motion to amend the complaint to change the discovery date. This issue is without merit because the discovery rule does not apply.
III. WHETHER THE COURT ERRED IN RULING THAT THE STATUTE OF LIMITATIONS BARRED FREEMAN'S COMPLAINT
¶ 18. We find that Freeman's injury was not latent and, therefore, the statute of limitations ran between September 2, 2001, and September 9, 2001. Therefore, the action was not timely filed and the claim should be time barred. Consequently the last two issues are without merit.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.